405 A.2d 1277

**COMMONWEALTH of Pennsylvania**

v.

**John Wesley BANKS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 7, 1979.

Decided June 13, 1979.

Petition for Allowance of Appeal Denied Oct. 2, 1979.

12

John H. Corbett, Jr., Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before VAN der VOORT, LARSEN and LAVELLE, JJ.*

VAN der VOORT, Judge:

At approximately 4:30 P.M. on August 16, 1976, Robert Quinn was shot to death in front of the 630 Bar on Herron Avenue, Pittsburgh. A warrant was signed the next day for the arrest of appellant John Wesley Banks, and appellant was arrested two months later. Trial was held on February 16–18, 1977, and a jury found appellant guilty of third degree murder. The case is before us on direct appeal.

■ Appellant first argues that the lower court erred in acceding to the jury's request and permitting the court reporter to read in open court a portion of the testimony of a Commonwealth witness, Fred Quinn, after the jury had entered upon its deliberations. "[Where a jury . . . requests a reading of a portion of the testimony actually

* Justice Rolf Larsen of the Supreme Court of Pennsylvania, and Judge John E. Lavelle of the Court of Common Pleas of Schuylkill County, Pennsylvania, are sitting by designation.

given at the trial, it is a matter within the discretion of the trial court whether to grant such requests. If the trial court does grant the request, the review of testimony must be conducted in open court in the presence of parties and their counsel and, if the resultant review does not place undue emphasis on one witness' testimony, no reversible error is committed." *Commonwealth v. Peterman,* 430 Pa. 627, 244 A.2d 723 (1968). Appellant urges that, in the case before us, the reading did place undue emphasis on the testimony of that particular witness. Having examined the notes of testimony of the trial, we disagree. The lower court properly exercised its discretion when it permitted the court reporter to read back the portion of testimony requested by the jury.

Appellant next argues that his trial counsel was ineffective, 1) for failing to call a certain witness (appellant's brother) to corroborate appellant's version of the shooting, 2) for bringing out during cross-examination of a Commonwealth witness, police officer Orlando Diggs, the fact that appellant had a police record, and 3) for failing to object when the lower court permitted the court reporter to read to the jury the testimony of witness Fred Quinn. In order for us to determine that appellant was denied effective representation of counsel, we must determine that the course chosen by appellant's trial counsel was without a reasonable basis designed to effectuate appellant's interests, *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), keeping in mind that the burden is upon appellant to demonstrate counsel's incompetence, *Commonwealth v. Murray,* 452 Pa. 282, 305 A.2d 33 (1973).

The lower court in the case before us, after listening to trial counsel's testimony at the PCHA hearing, determined that counsel's decision not to have the brother testify was "legitimate trial strategy", because of the brother's "obvious bias" and because of the brother's criminal record. "The law does not require trial counsel to call to the witness stand every witness mentioned by a criminal defendant when there is a reasonable basis for the attorney to believe

that such witnesses would not be helpful in the defense of the client." *Commonwealth v. Robinson,* 232 Pa.Super. 328, 332, 334 A.2d 687 (1975). Appellant's trial counsel was not ineffective for deciding, as a matter of trial strategy, not to call appellant's brother as a witness.

■ Furthermore, our review of the notes of testimony of the trial reveals counsel's strategy in questioning Officer Diggs concerning appellant's "police record." Officer Diggs testified on direct examination that a warrant was issued for appellant's arrest the day after the shooting, but that appellant was not apprehended until two months later. In light of appellant's own testimony later in the trial, it is apparent that defense strategy was to admit appellant's presence at the scene of the shooting, admit that appellant ran away, but convince the jury that appellant ran, not because of guilt, but to avoid being shot himself or otherwise involved in the incident. Such strategy would require convincing the jury that appellant had not been hiding for two months, but rather had been in full view in Pittsburgh during the time the police were allegedly trying to apprehend him. Planning on having appellant take the stand, counsel would legitimately have preferred having appellant's record mentioned early in the trial to show that the police had appellant's address and could have arrested appellant at any time, rather than having the prosecution later impeach appellant's testimony by showing prior convictions in the nature of crimen falsi. See *Commonwealth v. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973). Not all references to prior criminal activity warrant reversal. See, e. g., *Commonwealth v. Irwin,* 475 Pa. 616, 381 A.2d 444 (1977); *Commonwealth v. McFadden,* 464 Pa. 265, 346 A.2d 550 (1975); *Commonwealth v. Sharpe,* 449 Pa. 35, 296 A.2d 519 (1972).

Under the circumstances, we cannot say that trial counsel's actions had no reasonable basis.[1] Judgment of sentence is affirmed.

1. Since we have found no merit to appellant's argument that the court reporter should not have been permitted to read certain testi-

mony to the jury, we can hardly say that appellant's counsel was ineffective for failing to object to such procedures.