416 A.2d 1132

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Albert WILLIAMS.**

Superior Court of Pennsylvania.

Argued Aug. 27, 1979.

Decided Dec. 21, 1979.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Jack M. Myers, Philadelphia, for appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

The Commonwealth contends that the lower court erred in finding that appellee's trial counsel was ineffective for failing to interview witnesses and in granting appellee a new trial. We disagree, and, accordingly, affirm the order of the lower court.

On April 17, 1977, appellee was arrested and charged with murder, voluntary manslaughter, and involuntary manslaughter. In July 1977, appellee's mother retained an attorney to represent appellee. Following a nonjury trial, the lower court found appellee guilty of murder in the third degree. In November 1977, the lower court appointed appellee's present counsel to file and argue post verdict motions. The lower court thereafter held an evidentiary hearing on appellee's claim that his trial counsel was ineffective.

Appellee's trial counsel testified at the evidentiary hearing that appellee gave him the names of several persons who may have been involved in the incident. Trial counsel admitted that the testimony of three of these witnesses would be relevant to the case. All three of these witnesses were called by the Commonwealth to testify at the trial, and one of them claimed to be an eyewitness to the incident. Counsel stated that, based on an interview with appellee, he determined that the testimony of the other persons men-

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania, and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

tioned by appellee would not be relevant to the case. Trial counsel did not interview any of the witnesses prior to trial,[1] nor did he hire an investigator to interview them. When asked if he attempted to interview anyone appellee told him might be helpful, trial counsel stated that he had "discussions" with appellee's family. He also stated that "we did attempt through . . . [appellee's] family to have some of these people come in. We were unsuccessful . . .." However, appellee's mother and two sisters testified at the evidentiary hearing that trial counsel never asked them to investigate or obtain witnesses. Trial counsel stated that he did not hire an investigator to interview witnesses because he believed that they would be hostile and because he was not paid to hire an investigator.

The lower court concluded that appellee was denied effective assistance of counsel at trial[2] and granted appellee a new trial. This appeal by the Commonwealth followed.

" 'Counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interest.' " *Commonwealth v. Hubbard*, 485 Pa. 353, 356, 402 A.2d 999, 1001 (1979) (quoting *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349, 352–53 (1967)) (emphasis in original). " 'A finding of ineffectiveness [can] never be made unless [it can be] concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized.' " *Commonwealth v. Badger*, 482 Pa. 240, 244, 393 A.2d 642, 644 (1978) (quoting *Commonwealth ex rel. Washington v. Maroney, supra*, 427 Pa. at 605 n.8, 235 A.2d at 353 n.8)). However, "in examining the alternatives, a court may not utilize a harmless error analysis, and the alternatives must be examined only as a means of determin-

1. Trial counsel stated that he attempted to interview two of the Commonwealth's witnesses, including the alleged eyewitness, at the time of trial, but they refused to talk to him.

2. The lower court also concluded that appellee was denied effective assistance of counsel at two suppression hearings. The Commonwealth does not contend that this finding was in error.

ing whether the course chosen had some reasonable basis."
*Badger, supra*, 482 Pa. at 244, 393 A.2d at 644.

In *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369
(1976), the appellant alleged that his trial counsel was inef-
fective, *inter alia*, for failing to question eyewitnesses. Trial
counsel explained his failure to interview the witnesses by
stating that on the basis of one witness' testimony at the
preliminary hearing and a conversation with appellant, he
concluded that the witnesses were hostile. In holding that
appellant's trial counsel was constitutionally ineffective, our
Supreme Court stated:

> However hostile these witnesses may have appeared to be,
> there is no basis for the decision neither to interview them
> nor to attempt to do so. While hostile witnesses at trial
> may have presented added difficulties to appellant's case,
> the question here is the decision not to interview them,
> not the decision to refrain from calling them at trial.
> Accordingly, there was no danger of hostile witnesses
> inflaming a jury during an interview to determine what
> each saw and their degree of potential hostility. Rather,
> the value of the interview is to inform counsel of the facts
> of the case so that he may formulate strategy. Perhaps,
> after questioning these witnesses, counsel may have con-
> cluded that the best strategy was not to call them due to
> hostility and, as a matter of strategy, that decision on
> counsel's part would not be subject to a claim of ineffec-
> tive assistance of counsel. *Commonwealth v. Owens*, 454
> Pa. 268, 312 A.2d 378 (1973). However, no such claim of
> strategy can be attached to a decision not to interview or
> make an attempt to interview eyewitnesses prior to trial.
> Therefore, no reasonable basis designed to effectuate [ap-
> pellant's] interest can be attributed to counsel's failure to
> question these witnesses or at least make a reasonable
> attempt to do so.

*Id.*, 467 Pa. at 475, 359 A.2d at 374–75. *See also Common-
wealth v. Lochman*, 265 Pa.Super. 429, 402 A.2d 513 (1979)
(trial counsel not ineffective where he attempted to inter-
view eyewitnesses but was unsuccessful because their par-
ents would not permit an interview).

■ In the instant case, the Commonwealth first contends that trial counsel was not ineffective because appellee has not shown that trial counsel's conduct prejudiced him. This contention is without merit because a finding of ineffectiveness of counsel does not require a showing of prejudice. *Commonwealth v. Badger, supra.*

■ The Commonwealth also contends that *Commonwealth v. Mabie, supra,* does not apply to the instant case because trial counsel in this case made reasonable attempts to interview witnesses. However, the only evidence of trial counsel's attempts to interview witnesses is his own vague statement that he discussed the case with appellee's family and unsuccessfully attempted through the family to have some of the witnesses come in. Trial counsel's statement was contradicted by appellee's mother and sisters. Furthermore, even accepting counsel's statement as true, we conclude that such "attempts" to interview witnesses were not reasonable. We therefore hold that appellee was denied effective assistance of counsel at trial.[3]

Order affirmed.

---

**3.** We do not decide whether trial counsel's decision not to interview certain witnesses because he believed that their testimony would be irrelevant had a reasonable basis.