422 A.2d 652

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Fred RAINEY.**

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed Nov. 7, 1980.

Petition for Allowance of Appeal Denied Feb. 24, 1981.

16

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Joseph C. Santaguida, Philadelphia, for appellee.

Before BROSKY, HOFFMAN and CIRILLO *, JJ.

CIRILLO, Judge:

On October 7, 1975, the appellee—defendant was arrested in connection with a fatal shooting that occurred after an

* Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

argument between the decedent, Alvin Jones, and the appellee. Rainey, the appellee, was charged with murder, criminal. conspiracy, possession of an instrument of crime and possession of a prohibited offensive weapon. The jury found the appellee not guilty on the murder indictment, but guilty of conspiracy, and of the instruments of crime and offensive weapon charges. Post–verdict motions were filed. The court granted appellee's motion in arrest of judgment on the conspiracy conviction, and otherwise denied post–verdict motions. The appellee was sentenced to serve a term of imprisonment of two and one half (2½) to five (5) years. The appellee appealed the conviction of the weapons charges to this court, which affirmed the judgment of the trial court. *Commonwealth v. Rainey*, 246 Pa.Super. 655, 372 A.2d 848 (1977). The appellee's petition for allocatur to the Supreme Court of Pennsylvania was denied on November 11, 1977.

The appellee then petitioned for relief under the Post Conviction Hearing Act, 19 P.S. § 1180–1 et seq., maintaining that he had been deprived of his constitutional right to representation by competent trial counsel. He based this assertion on the fact that trial counsel had been supplied with the names of alleged eye witnesses, but that counsel failed to interview these witnesses prior to trial, or to call them to testify on the appellee's behalf.

The trial court agreed that the appellee had not been effectively represented by trial counsel and granted the relief prayed for in the PCHA Petition. It is from this determination that the instant appeal is taken by the Commonwealth.

It is the position of the Commonwealth that the court below erroneously ruled that trial counsel was ineffective for failing to interview the witnesses. The Commonwealth asserts that the mere failure to interview potential witnesses does not, per se, constitute ineffective assistance and that appellee must prove that the testimony of the witnesses would have substantially aided his defense. The Commonwealth maintains that the appellee failed to meet this burden of proof in the court below, therefore his PCHA Petition was improperly granted.

In determining the claim of ineffective assistance of counsel, the standard has been set forth in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). The court stated:

> ... our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests.

In applying this standard, the threshold question is whether the course which counsel pursued had some reasonable basis. Counsel will not be deemed ineffective if the action which he failed to take would have been frivolous or futile. *Commonwealth v. Nero*, 250 Pa.Super. 17, 378 A.2d 430 (1977). In *Commonwealth v. Yarbough*, 248 Pa.Super. 356, 375 A.2d 135 (1977), citing *Maroney* as authority, the court succinctly framed the issue as to whether or not the alternatives not chosen offered a potential for success substantially greater than the tactic actually used.

In the instant case, any attempt by counsel to buttress the defense with information supplied by these witnesses would have been futile, since neither could produce exculpatory testimony. At the PCHA hearing, over the vigorous objections of defense counsel, the Commonwealth called the two witnesses in question in order to ascertain the nature of the testimony they could have supplied at the original trial. One stated that he was not present at the scene on the night of the incident and could offer no testimony whatsoever. The other testified that he had seen the defendant for a short time, earlier in the evening, prior to the time of the incident, without a weapon. This testimony only accounts for a small amount of time prior to when the incident transpired. It presents no alibi, and does not advance the fact–finding process with respect to the interval during which the incident actually occurred. This witness also intimated that he may have been able to offer the names of other persons present at the scene, however, he could not state as to what, if anything, they could testify.

Clearly this testimony had little or no probative value in terms of the appellee's ultimate guilt or innocence.

The Pennsylvania Supreme Court has held that "this alleged error, [failing to interview a witness], absent a demonstration that the missing testimony would be helpful, cannot be equated with a conclusion of ineffective assistance." *Commonwealth ex rel. Washington v. Maroney,* supra, 427 Pa. at 609–610, 235 A.2d at 355 citing *Commonwealth ex rel. Sprangle v. Maroney,* 423 Pa. 589, 225 A.2d 236 (1967). After independently reviewing the record, *Commonwealth v. Owens,* 454 Pa. 268, 312 A.2d 378 (1973), this court cannot conclude that the alternative not chosen offered a potential for success substantially greater than the tactics utilized by trial counsel.

We do not find these results inconsistent with the decision in *Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1976). In *Mabie,* trial counsel was held to be ineffective for failing to investigate prospective witnesses or examine potentially favorable records, prior to negotiating a plea of guilty. The defendant was persuaded by his counsel to give up any trial at all and to plead guilty without the benefit of any independent investigation. Mabie's lawyer relied entirely on the Commonwealth's file and, therefore, gave the defendant no more independent guidance in choosing to plead guilty than the prosecutor would have provided. The instant case is easily distinguishable from *Mabie.* Here, appellee's trial counsel obtained an acquittal on the most serious charge, by presenting a well–planned and carefully executed defense. It would be anomalous indeed if the law were now to brand as ineffective an attorney who so successfully represented his client simply because he failed to interview alleged witnesses who could not have substantially aided the defense.

The court in *Commonwealth v. Barren,* 273 Pa.Super. 492, 498–499, 417 A.2d 1156, 1159 (1979), discussed the extent of the holding in *Mabie* as follows:

The Court's holding should not be indiscriminately expanded to require defense counsel, upon threat of being

declared ineffective, to interview all conceivable witnesses irrespective of the nature or extent of their potential information.

Nor does the decision in *Commonwealth v. Abney*, 465 Pa. 304, 350 A.2d 407 (1976), compel a different result in the instant situation. In *Abney*, the defendant provided counsel with the names of known alibi witnesses, which counsel failed to investigate. It had been established that they could testify to facts which, if believed, might have cast a shadow on the Commonwealth's case. In the case at bar, as in *Commonwealth v. Owens*, 454 Pa. 268, 312 A.2d 378 (1973), the testimony which could have been offered was not exculpatory. One of the alleged witnesses had no knowledge of the incident, while the other presented testimony which had little probative value. The appellee has not sufficiently demonstrated that this testimony could have substantially aided his defense.

It is well-established that the right to a new trial is not automatic. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Prejudice to the defendant's case, resulting in a lack of due process, must be shown before he is entitled to a new trial. *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Since the testimony would have had little effect on the defense, it cannot be maintained that the appellee's case was prejudiced by counsel's failure to take steps which would have been fruitless. Therefore, any error in counsel's representation must be deemed trivial. It has long been the law that a defendant is entitled to a fair trial, but not a perfect one. *Commonwealth v. Hill*, 450 Pa. 477, 301 A.2d 587 (1973).

Absent a demonstration that missing testimony would be helpful, we cannot premise a finding of ineffective assistance of counsel on failure to secure such testimony. *Commonwealth v. Gardner*, 250 Pa.Super. 86, 378 A.2d 465 (1977).

Clearly, the appellee has failed to meet the burden of proof required to deem trial counsel's performance as ineffective. Therefore, it is the judgment of this court that the order granting the defendant-appellee a new trial is hereby reversed.