429 A.2d 434

**COMMONWEALTH of Pennsylvania**

v.

**Robert BURRELL, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1980.

Filed May 8, 1981.

Petition for Allowance of Appeal Denied Nov. 2, 1981.

504

Daniel M. Preminger, Philadelphia, for appellant.

Paul S. Diamond, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, BROSKY and HOFFMAN, JJ.

SPAETH, Judge:

This is an appeal from judgments of sentence for carrying a firearm on a public street [1] and carrying a firearm without a license.[2] The principal issue is whether counsel who presented appellant's motion to suppress was effective. We have concluded that it is arguable he was not. Accordingly, we shall remand for a hearing.

On February 1, 1978, Philadelphia Police Officer Gregory Michael and a fellow officer stopped a 1976 Cadillac Seville in the 1700 block of Cambria Street in Philadelphia. Officer Michael approached the Cadillac from the rear on the passenger side. As appellant got out, the officer saw what appeared to be the handle of a revolver protruding from appellant's right coat pocket. The officer frisked appellant and found a .38 caliber revolver in his pocket. Appellant had not been issued a license to carry the revolver.

On July 27, 1978, appellant presented to the Municipal Court a motion to suppress the revolver as evidence. The ground of the motion was that the police had no reasonable basis for stopping the Cadillac. A hearing on the motion

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334 § 1, 18 Pa.C.S.A. § 6106 (1973).

2. 18 Pa.C.S.A. § 6108.

was held. Officer Michael testified that the Cadillac was stopped because its taillight was defective. Appellant testified that the taillight was not defective. The hearing judge believed the officer, and denied the motion. Appellant was then tried and found guilty of possession of an offensive weapon, carrying a firearm on a public street, and carrying a firearm without a license. Appellant appealed to the Court of Common Pleas, and on April 25, 1979, was tried without a jury on the same charges. He had new counsel at this trial. He was found guilty of carrying a firearm on a public street and carrying a firearm without a license. Appellant filed post-trial motions, which were denied, and sentence was imposed. On appeal, appellant is represented by new counsel, who argues the ineffectiveness of both Municipal Court counsel and Common Pleas counsel.

■ Appellant argues that Municipal Court counsel was ineffective for failure to call appellant's wife and mother to testify at the suppression hearing. According to appellant: If called, his wife and mother would have testified that when the Cadillac was stopped, it did not have a defective taillight. If accepted, the testimony would have established the illegality of the stop and search, for a "spot" check is illegal. See Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); Commonwealth v. Swanger, 453 Pa. 107, 307 A.2d 875 (1973). The police may stop an automobile if they reasonably suspect a possible violation of the Vehicle Code, Commonwealth v. Sojourner, 268 Pa.Super. 472, 408 A.2d 1100 (1979); Commonwealth v. Hunter, 240 Pa.Super. 23, 360 A.2d 702 (1976), but here, if the Cadillac's taillight was not defective, they had no reason to suspect such a violation.

■ The standard by which we determine the effectiveness of counsel has been set forth in Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967):

[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some

reasonable basis designed to effectuate his client's interests.

The question we must decide, therefore, is whether counsel's failure to call appellant's wife and mother to testify at the suppression hearing had some reasonable basis.

■ We have no difficulty in concluding that counsel's failure to call appellant's wife had a reasonable basis. The wife was called at appellant's *de novo* trial before the Court of Common Pleas, and she testified that she did not know whether the Cadillac's taillight was broken. (N.T. 56) Presumably, she would have testified to the same effect if called at the suppression hearing. Since her testimony would not have aided appellant, counsel may not be deemed ineffective for failing to introduce it. *Commonwealth v. Rainey*, 282 Pa.Super. 15, 422 A.2d 652 (1980); *Commonwealth v. Nero*, 250 Pa.Super. 17, 378 A.2d 430 (1977).

■ However, the case is otherwise as regards counsel's failure to call appellant's mother. The mother also was called at the Common Pleas trial, and she testified that the Cadillac was hers, and that it did not have a defective taillight:

Q: [by defense counsel]: Did that car have a broken taillight when you left the house in the morning?

A: [by Geraldine Burrell, appellant's mother]: No, it didn't.

\*　　\*　　\*　　\*　　\*　　\*

Q: [by assistant district attorney]: Did you get your car back on the 1st ma'am, February 1, 1978?

A: No, I didn't.

Q: When did you get it back?

A: The next day.

Q: Was there a broken taillight on the car at that time?

A: No, there wasn't.

(N.T. 53–55)

■ It is settled that the failure to call a witness whose testimony would be helpful to the defense constitutes ineffective assistance of counsel, unless counsel had some reasonable basis for his decision not to call the witness. *Com-*

monwealth v. Bailey, 480 Pa. 329, 390 A.2d 166 (1978); Commonwealth v. Abney, 465 Pa. 304, 350 A.2d 407 (1975); Commonwealth v. Twiggs, 460 Pa. 105, 331 A.2d 440 (1975). See also Commonwealth v. Williams, 273 Pa.Super. 147, 416 A.2d 1132 (1980); Commonwealth v. Banks, 267 Pa.Super. 10, 405 A.2d 1277 (1979). Here, we are unable to determine whether suppression counsel had a reasonable basis for not calling appellant's mother to testify about the Cadillac's taillight. It may be that he did. Perhaps, for example, counsel had no reason to believe that appellant's mother would testify as she did. In these circumstances, we shall remand for a hearing at which the lower court may receive testimony regarding counsel's reasons for not introducing the testimony of appellant's mother. See Commonwealth v. Mosley, 261 Pa.Super. 198, 395 A.2d 1384 (1978); Commonwealth v. Twiggs, supra.[3]

Remanded to the lower court for proceedings consistent with this opinion. Any further appeal in this case must be from the order entered upon completion of such proceedings.

---

[3] Appellant has also argued that his Common Pleas counsel was ineffective for failure to preserve the issue of suppression counsel's ineffectiveness by raising that issue in post-trial motions. Since we are unable to determine the underlying issue of suppression counsel's ineffectiveness, we do not reach this argument.