441 A.2d 436

**COMMONWEALTH of Pennsylvania**

v.

**Gary Allen PITTMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 13, 1981.

Filed Feb. 12, 1982.

236

Vincent J. Roskovensky, II, Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, submitted a brief on behalf of Commonwealth, appellee.

Before SPAETH, SHERTZ and MONTGOMERY, JJ.

SHERTZ, Judge:

Following a jury trial, Appellant was found guilty of Robbery and Terroristic Threats. Appellant waived his right to file post trial motions and trial counsel brought this appeal. Subsequently trial counsel was replaced and Appellant's present counsel filed a brief raising ineffective assistance as the sole basis for a demand for a new trial.[1]

---

1. This appeal was timely filed by trial counsel. However, on June 11, 1980, Appellant petitioned for the assignment of new counsel. This

 Although issues not raised in post-verdict motions will not be considered on appeal, there is an exception where ineffective assistance of prior counsel is raised. In such a case, ineffectiveness of counsel must be raised at the earliest stage in the proceedings at which counsel whose ineffectiveness is being challenged no longer represents Appellant. *Commonwealth v. Webster*, 490 Pa. 322, 416 A.2d 491 (1980). In the present case, this appeal presented the first opportunity for Appellant's present counsel to raise the issue. *See e.g., Commonwealth v. Taggert*, 258 Pa.Super.Ct. 210, 392 A.2d 758 (1978). Therefore, we shall consider the merits of Appellant's claim.

 When confronted with a claim of ineffective assistance of counsel, we must first ascertain whether the issue underlying the charge of ineffectiveness is of arguable merit, and if so, it must be determined whether the course chosen by counsel had some reasonable basis to effectuate his client's interest. *Commonwealth v. Evans*, 489 Pa. 85, 413 A.2d 1025 (1980); *Commonwealth v. Burrell*, 286 Pa.Super. 502, 429 A.2d 434 (1981); *Commonwealth v. Price*, 278 Pa.Super. 255, 420 A.2d 527 (1980).

Appellant contends that trial counsel was ineffective for failing to call an alibi witness or for failing to request a continuance "until the witness could have been located." Further, Appellant suggests that counsel was ineffective for failing to explain to the jury his failure to call the witness.

The Commonwealth's case was based solely on the identification testimony of a water company clerk who was present during the robbery. A second clerk present during the robbery was unable to make a positive identification.

When the Commonwealth rested, Appellant's trial counsel, at side bar, requested a recess to wait for a defense witness who had been subpoenaed but had not appeared. Trial counsel indicated that he wished to speak to the witness

petition was denied by the trial judge. Appellant then filed a petition for reconsideration of the petition for the assignment of new counsel. On August 21, 1980, Appellant's present counsel was appointed by the trial judge.

before he put Appellant on the stand. The trial judge denied the request for a recess, indicating that trial counsel would be permitted to recall Appellant after the witness testified.

Appellant then took the stand and testified that, at the time of the robbery, he was at his cousin's home and that he had spent the "whole complete day" there. Following cross-examination of Appellant, trial counsel, at side bar, requested a continuance because the subpoenaed witness had not arrived and that trial counsel wanted to speak to the witness to determine if the witness was going to testify. No explanation was offered to the trial judge as to the identity of the witness or the nature of his testimony. The trial judge then recessed for the day informing the jury that a subpoenaed defense witness had failed to appear and that the defense was requesting time to "ascertain the whereabouts of the witness and to bring him on the witness stand if it deems necessary." [2] When the trial resumed the following morning, the defense and Commonwealth presented closing arguments. No additional explanation was offered for the defense's failure to call the subpoenaed witness.

It is settled that the failure to call a witness whose testimony would be helpful to the defense, constitutes ineffective assistance of counsel unless counsel had some reasonable basis for his decision not to call the witness. *Commonwealth v. Abney*, 465 Pa. 304, 350 A.2d 407 (1976); *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). See also: *Commonwealth v. Burrell*, 286 Pa.Super.Ct. 502, 429 A.2d 434 (1981); *Commonwealth v. Price*, 278 Pa.Super.Ct. 255, 420 A.2d 527 (1980). In a case where virtually the only issue is the credibility of the Commonwealth's witness versus that of the defendant, failure to explore all available alternatives to assure that the jury heard the testimony of a known witness who might be capable of casting doubt upon the

---

**2.** Appellant's counsel contends that trial counsel "made a statement at the conclusion of the first days testimony that a continuance was being requested so that the defendant could present the testimony of an alibi witness." · There is nothing in this record which supports that version of the facts.

Commonwealth's witness's truthfulness, is ineffective assistance of counsel *Commonwealth v. Twiggs*, 460 Pa. at 110, 331 A.2d at 443; *Commonwealth v. Abney*, 465 Pa. at 309, 350 A.2d at 410.

Based on this record we are unable to conclude whether the defense in fact had an alibi witness and, if so, whether counsel failed to explore all alternatives available to assure that the jury heard such testimony. Furthermore, absent additional information about the elusive witness and the nature of his testimony, we cannot discern whether counsel was ineffective for failing to explain to the jury his failure to call the witness following the recess.[3]

Where the reason for counsel's decision cannot be determined from the record, this court must remand for an evidentiary hearing to determine the basis for counsel's actions. *Commonwealth v. Twiggs*, 460 Pa. at 110, 331 A.2d at 443; *Commonwealth v. Price*, 278 Pa.Super.Ct. 255, 420 A.2d at 530; *See, Commonwealth v. Burrell*, 286 Pa.Super.Ct. 502, 429 A.2d at 436. Here, it is impossible to determine whether there was an alibi witness and, if so, whether there was a reasonable basis for counsel's decision not to call such witness or, in the alternative, to request a continuance pending the availability of this witness. Neither can we determine whether there was a reasonable basis for trial counsel's decision not to offer some explanation for the failure of the witness to testify.

The judgment of sentence is vacated and this case is remanded for an evidentiary hearing to determine whether there was a reasonable basis for trial counsel's actions.[4] This Court does not retain jurisdiction.

**3.** Although it is not expressly stated, appellant implies that the missing witness would corroborate Appellant's alibi defense.

**4.** Appellant also alleges ineffectiveness of trial counsel for failure to challenge the trial identification of Appellant by the prosecution's chief witness when she failed to identify Appellant from a photo array which may or may not have included Appellant's picture. The record shows that trial counsel, on cross-examination, alertly brought out the fact that the witness did not identify Appellant from pre-trial photographic array. There is no evidence in the record as to

240

The decision in this case was rendered prior to the expiration of Judge SHERTZ's commission of office on the Superior Court of Pennsylvania.

whether Appellant's picture was even included in the photographic array.

Here there was neither a pre-trial identification resulting from the photo array nor an allegation that the procedure was invalid. Additionally, there was no claim that the in-court identification was impermissibly tainted by the pre-trial procedure. *See e.g., Commonwealth v. Slaughter,* 482 Pa. 538, 394 A.2d 453 (1978); *Commonwealth v. Lavelle,* 277 Pa.Super.Ct. 518, 419 A.2d 1269 (1980). Counsel may not be deemed ineffective for failure to raise a meritless claim. *Commonwealth v. Tarver,* 491 Pa. 253, 420 A.2d 438 (1980).