454 A.2d 1063

**COMMONWEALTH of Pennsylvania**

v.

**Paul PAYNE, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued May 19, 1982.

Filed Dec. 30, 1982.

Petition for Allowance of Appeal
Denied Sept. 9, 1983.

Paul R. Gettleman, Zelienople, for appellant.

Dara A. DeCourcy, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before HESTER, McEWEN and JOHNSON, JJ.

HESTER, Judge:

Appellant was arrested on March 12, 1980, and charged with criminal homicide and violations of the Uniform Firearms Act.[1] After a four-day trial, the jury returned a verdict of guilty of both third degree murder and the Uniform Firearms Act violations. The trial judge, upon consideration of motions for a new trial and/or in arrest of judgment, arrested judgment on the Uniform Firearms Act violations, but denied the motions as to the murder conviction. Appellant was thereafter sentenced to a term of imprisonment of not less than seven nor more than eighteen years incarceration.

On this direct appeal, appellant raises but one issue for our review: the alleged ineffectiveness of trial counsel. After close examination of appellant's arguments and the record itself, we hereby deny the relief requested.

In order to properly analyze appellant's argument, it is necessary to reconstruct the events surrounding the crime which appellant admittedly committed. On March 6, 1980, at approximately 11:40 p.m., appellant was sitting at the bar of the Sumpter Hotel in Clairton, Pennsylvania. The victim, Duffy Dreher, entered the bar with two friends, Harry Lueckert and Henry Armstrong. Lueckert had previously threatened appellant's brother, who was married to Lueckert's sister. The victim and his friends were playing pinball when appellant approached and began arguing with Lueckert. The victim attempted to intercede and appellant began arguing with him. Eventually the victim walked away. However, appellant followed him, drew a weapon, and when the victim turned around, shot him in the right eye at close range. Duffy Dreher died immediately.

Appellant is represented on appeal by new counsel and instantly alleges the ineffectiveness of trial counsel in three regards: 1) counsel failed to subpeona a material witness, 2)

---

1. Appellant was charged with Criminal Homicide, 18 Pa.C.S.A. § 2501(a), Crimes Committed With Firearms, 18 Pa.C.S.A. § 6103, and Firearms Not to be Carried Without a License, 18 Pa.C.S.A. § 6106.

counsel failed to demand that the jury deliberations end for the night, and 3) counsel failed to object to certain remarks of the prosecuting attorney in his closing argument.[2]

The test for establishing the ineffectiveness of counsel, firmly settled in this Commonwealth, was promulgated

2. Appellee contends that appellant waived any arguments that trial counsel was ineffective when he failed to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). This rule provides:

Direction to file statement of matters complained of.

"If the lower court is uncertain as to the basis for the appeal, the lower court may by order direct the appellant forthwith to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of."

Inasmuch as appellate counsel began representing appellant after the disposition of post-verdict motions and the imposition of sentence, the § 1925(b) statement afforded appellant the first opportunity to advance the ineffectiveness of trial counsel.

In the instant case, Notice of Appeal was filed on May 27, 1981, by appellate counsel. The trial judges ordered that a § 1925(b) statement be filed within twenty (20) days of June 2, 1981. Appellate counsel received an extension of time until October 14, 1981. When appellant still had not filed the § 1925(b) statement, the trial judge filed his opinion in October 26, 1981, addressing those issues raised in the post-trial motions.

The intent of Pa.R.A.P. § 1925(b) is to aid appellate review by enabling the trial court to focus on those issues which form the basis of the appeal. As the rule indicates, it is within the discretion of the appellate court to determine whether lack of compliance with a § 1925(b) directive constitutes a waiver. The Supreme Court considered this subject recently in *Commonwealth v. Silver*, 499 Pa. 228, 452 A.2d 1328 (1982). Therein, it observed:

"The waiver provisions of the Rule is properly invoked only where failure to file a statement or omission from a statement of issues raised on appeal defeats effective appellate review."

Slip opinion at p. 9. See also *Commonwealth v. Crowley*, 259 Pa.Super. 204, 393 A.2d 789 (1978). Conversely, if the failure to file such a statement does not thwart appellate scrutiny, then the failure should not be regarded as waiver. *Commonwealth v. Williams*, 269 Pa.Super. 544, 410 A.2d 835 (1979). Herein, we will review the merits of appellant's arguments because his failure to comply with the rule does not impede our ability to exercise appellate review. We would like to note, however, that appellate counsel's failure to provide the trial court with the § 1925(b) statement constituted a direct violation of an Order of Court and reflects a serious lack of regard and respect for the

by the Supreme Court in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967):

> "our inquiry ceases, and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." (Emphasis in original).

*Id.*, 427 Pa. at 604, 235 A.2d at 352. With respect to appellant's first claim, we must decide if counsel's failure to call a certain witness to testify at trial had a reasonable basis.

Appellant contends that his actions on the evening of March 6, 1980, constituted self-defense. Prior to that day, appellant had been involved with a group of people from Pittsburgh who had severely beaten him. In an effort to avoid any further confrontations, appellant moved to Clairton to live with his father. Both appellant's father and sister testified that the family home had been watched and that the victim had knocked and asked for appellant on several occasions while refusing to state his purpose. Further, appellant had seen Lueckert and the victim in the company of some of the individuals from Pittsburgh who had been involved with appellant previously. Finally, appellant believed that there was a contract out on his life and so informed his father. Appellant's father met with the police chief of Clairton to express his concern and apprehension for his son in light of the surrounding circumstances.

Appellant submits that he requested trial counsel to subpoena this impartial witness, the police chief, so as to bolster the above testimony of appellant and his father, that various individuals were believed to pose a threat to appellant's safety. Such testimony would tend to substantiate appellant's state of mind which, in turn, would support appellant's argument that he acted in what he believed to be self-defense.

authority and dignity of the trial judge. We can only hope that this was only an oversight by counsel and will not be repeated.

In evaluating the effectiveness of trial counsel's representation, the Supreme Court has held on numerous occasions that failure to call a witness whose testimony would have assisted to the defense constitutes ineffective assistance of counsel, absent a reasonable basis for counsel's decision. *Commonwealth v. Bailey,* 480 Pa. 329, 390 A.2d 166 (1978); *Commonwealth v. Abney,* 465 Pa. 304, 350 A.2d 407 (1975); *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975). See also *Commonwealth v. McFarland,* 304 Pa.Super. 470, 450 A.2d 1008 (1982); *Commonwealth v. Burrell,* 286 Pa. Super. 502, 429 A.2d 434 (1981); *Commonwealth v. Williams,* 273 Pa.Super. 147, 416 A.2d 1132 (1979). However, appellant must be able to demonstrate how the testimony would have been helpful to the defense. *Commonwealth v. Charleston,* 251 Pa.Super. 311, 380 A.2d 795 (1977).

■ It is clear that the testimony of the Clairton police chief would not have aided the defense. Appellant does not contend that the witness had first hand knowledge of any of the events preceding the shooting. At best, he could only relate what was told to him by appellant's father, and the majority of that testimony would be objectionable as hearsay. Moreover, the fact that the chief refused to take any action based upon the observations of appellant's father indicates that the police officer did not place much credence in his story. Consequently, it is unlikely that his appearance as a witness would have enhanced the credibility of appellant's father. Finally, because the chief did not speak to appellant, he would not be able to testify as to appellant's state of mind. Since his appearance would not have contributed to appellant's defense, counsel will not be deemed ineffective for failing to introduce it. *Commonwealth v. Burrell,* supra; *Commonwealth v. Rainey,* 282 Pa.Super. 15, 422 A.2d 652 (1980); *Commonwealth v. Nero,* 250 Pa.Super. 17, 378 A.2d 430 (1977).

■ Secondly, appellant contends that the trial judge coerced a verdict from the jury and that counsel was ineffective for failing to object. Specifically, he argues

counsel should have excepted to the judge's unsolicited "Allen" charge and his refusal to end jury deliberations.

At the end of the trial, the jurors retired to begin deliberations at 12:25 p.m. They ate lunch from 1:45 p.m. to 2:15 p.m. At 3:15 p.m., the jury returned with a question and received additional instructions on the criminal homicide charge. From 6:15 p.m. until 8:15 p.m., the jury ate dinner. At 10:05 p.m., the tipstaff was informed by the jury that it was unlikely that a decision would be reached that night. The judge recalled the jury at 10:53 p.m. and asked if a verdict had been reached. When the foreman responded in the negative, the judge charged:

THE COURT: "The Court had previously indicated to you the significance and importance of the case, both to the Commonwealth and to Defense. At this point we would like to say to you that we're sure that you've been endeavoring to arrive at a unanimous verdict. That is your responsibility as jurors, if you can do so. You have a duty of course to consult with each other and to deliberate with a view towards reaching an agreement if it can be done without doing any violence to your individual judgment. However, each of you must decide the case for himself or herself, but only after there has been impartial consideration with your fellow jurors. During the course of deliberations each juror should not hesitate to reexamine his or his own views and change his or her opinion if convinced it is erroneous. However, you're not expected and no juror should surrender an honest conviction as to the weight or the effect of the evidence solely because of the opinion of his or her fellow jurors for the mere purpose of returning a verdict.

At this point, in consideration of the nature of the case, the charges, the length of trial, the Court is going to ask you to return to the jury room to continue further your deliberations. Thank you for your consideration. You're now excused."

Although the judge assured counsel that he would terminate the jury deliberations at 11:45 p.m., the jury continued until it reached a verdict at 1:22 a.m.

Initially, we must note that the judge's added instructions to the jury were consistent with the ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury § 5.4(a) (Approved Draft, 1968) which were specifically approved by the Supreme Court in *Commonwealth v. Spencer*, 442 Pa. 328, 337, 275 A.2d 299, 304 (1971). His guidance to them was not in any way subject to the inherent deficiencies of an "Allen" charge, see *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), where minority jurors are encouraged to defer to majority jurors. Rather, he directed all jurors to consult with each other in reaching a just result. Since there would have been no merit to any objection to this charge, counsel was not ineffective for failing to do so. *Commonwealth v. Shaffer*, 303 Pa.Super. 259, 449 A.2d 677 (1982).

Similarly, we do not find the length of the jury deliberations to be so coercive or unreasonable as to warrant an objection by trial counsel. It is well-established that " '[t]he length of the deliberation is wisely left to the sound discretion of the trial judge, and we reverse only if we find ... abuse of discretion, or that the verdict was the product of coercion or of an overworked and fatigued jury.' " *Commonwealth v. Ford*, 451 Pa. 81, 85, 301 A.2d 856, 858 (1973), quoting *Commonwealth v. Campbell*, 445 Pa. 488, 495–6, 284 A.2d 798, 801 (1971). See also, *Commonwealth v. Gartner*, 475 Pa. 512, 381 A.2d 114 (1977).

Although it was early in the morning when the verdict was reached, the jurors had enjoyed a late dinner only concluding their meal at 8:15 p.m. Moreover, we will not look only at the amount of time spent in deliberations in seeking to determine if the jury felt coerced. We must also examine the actions of the jurors to discern if they were aware other options were available to them. In the case at bar, the jury had earlier in the day posed a question to the court. Thus, the jurors were clearly cognizant of their ability to communicate their concerns to the judge. Moreover, they were informed that accomodations could be arranged for them should they wish to suspend deliberations.

Finally, the foreman did not make any such request when the jury was reconvened at 10:53 p.m. We can only conclude that the jury wished to continue its discussion in order to reach a verdict as soon as practicable. Under these circumstances, counsel was not ineffective for failing to demand that deliberations be terminated for the night. *Commonwealth v. Ford*, 491 Pa. 586, 421 A.2d 1040 (1980).

■ Appellant's last argument centers on the assistant district attorney's closing argument. Ineffectiveness of trial counsel is alleged for failure to object when the prosecutor advised the jury as to what their verdict should be. A review of the record reveals that the attorney for the Commonwealth was arguing that the various elements of each crime were supported by the weight of the evidence. It is certainly within the bounds of proper argument for the prosecutor to contend that the evidence proves the defendant guilty as charged in the indictment. See *Commonwealth v. Lipscomb*, 455 Pa. 525, 317 A.2d 205 (1974). Consequently, trial counsel was not ineffective in not voicing baseless objections.

Affirmed.

JOHNSON, J., concurred in the result.