## Commonwealth v. Umbriac

*Charles F. Lieberman,* assistant district attorney, for the Commonwealth.

*Theodore R. Laputka, Jr., Eugene A. Luciw,* for defendant.

THOMSON, JR., *P.J.,* April 22, 1985—Defendant was issued a citation on July 19, 1984, for allegedly

violating the mandatory weight requirements under section 4943(b)(1) of the Motor Vehicle Code. This citation consisted of a fine of $2,700.

A hearing was then held before District Magistrate Dore' N. James and a guilty verdict was rendered. Defendant appealed this summary conviction on two issues. The matter was heard de novo on February 27, 1985 before the Pike County Court of Common Pleas and taken under advisement.

## OPINION

The first issue for court determination is whether or not Trooper Timko had probable cause to stop the combination operated by Mr. Umbriac on July 19, 1984 in Pike County, Pa. Trooper Timko testified that he had been a weight-enforcement officer for four years and had viewed thousands of trucks. The trooper stopped defendant's truck because the coal was very much above the box on the trailer. Trooper Timko further testified that there was no doubt, from his past experience, that this truck was hundreds of pounds overweight.

Under Commonwealth v. Burrell, 286 Pa. Super. 502, 429 A.2d 434 (1981), ". . . a spot check for Motor Vehicle Code Violation is illegal; however, police may stop automobiles if they reasonably suspect a possible violation." The facts in the instant case indicate that Trooper Timko reasonably suspected a possible violation by the mere fact that the coal was heaped well above the box of the trailer. We believe that this fact provided the trooper with sufficient probable cause to stop defendant's trailer and to then weigh the truck to ascertain if, in fact, there was a violation of the Motor Vehicle Code. This procedure was also in compliance with Commonwealth

v. Caporiccio, 210 Pa. Super. 230, 232 A.2d 42 (1967) which stated:

". . . it is the police officer's duty under the Vehicle Code, based on his experience in truck weights, to make an estimate, and if the physical facts are such, as in this case, to indicate that the weight is beyond the permissible limits, the truck must be weighed to ascertain, if the truck is, in fact, in violation of the law."

Again, for the above stated reasons which are in accordance with the law, it is apparent that Trooper Timko had sufficient probable cause to stop, and then weigh, defendant's vehicle.

The second issue for court determination is whether or not the motor vehicle operated by Mr. Umbriac was a combination registered as a combination in this or any other state, and, as such, was susceptible to the stringent standards of the bridge weight formula embodied in section 4943(b)(1) of the Motor Vehicle Code. The question for resolution is essentially: what is a combination and was Mr. Umbriac operating a combination. According to 75 Pa.C.S. §102, a combination is defined as "two or more vehicles physically interconnected in tandem." Mr. Umbriac was driving a Mack truck tractor and a Schrader semitrailer. They were being drawn together or interconnected in tandem. It is quite apparent that defendant was operating a combination under 75 Pa.C.S. §102, as he was driving two vehicles which were physically interconnected in tandem.

The issue which next arises is whether or not defendant is subject to 75 Pa.C.S. §4943 which applies to registered combinations. Defendant argues that because the vehicles were registered separately in two different states, he should not be subject to this Pennsylvania statute as the separate registra-

tions do not comprise a combination. The court disagrees with this premise. Whether or not the vehicles were registered in separate states or the same state, when two vehicles are drawn together in tandem, they create a combination. Where the vehicles are registered has no bearing on their formation. Defendant's interpretation of this law is much like equating the fact that because one child is born in New Jersey and one in Pennsylvania that they can not be siblings. This, of course, is not true. No matter where the children are born they may still be siblings. Nonetheless, defendant was operating a creation known as a combination and was therefore subject to the requirements of 75 Pa.C.S. §4943.

This section states:

"No combination registered and carrying a gross weight in excess of 73,280 pounds shall have an overall gross weight on any single axle, other than the steering axle, in excess of 20,000 pounds, or an overall gross weight of any group of two or more consecutive axles in excess of that produced by application of the following formula. . ." (Emphasis added.)

Evidence indicated that defendant's vehicle had a gross weight of 77,700 pounds, which is clearly in excess of the maximum weight allowed for a combination. For the aforementioned reasons, it is the opinion of the court that defendant was in violation of section 4943(b)(1).

## ORDER

And now, this April 22, 1985, defendants demurrer is hereby denied. We find defendant guilty of violating section 4943(b)(1) of the Motor Vehicle Code and order him to pay the fine of $2,700, plus court costs.