Commonwealth *v.* Beecham, Appellant.

Submitted November 8, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*David E. Auerbach,* Assistant Public Defender, for appellant.

*Vram Nedurian, Jr.* and *Ralph B. D'Iorio,* Assistant District Attorneys, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, January 19, 1973:

Appellant, William McKinley Beecham, pleaded guilty to two counts of burglary and larceny on June 2, 1953. He was sentenced to serve a term of imprisonment of not less than five nor more than twenty years. No appeal was taken.[1]

On December 15, 1966, appellant filed a pro se petition pursuant to the Post Conviction Hearing Act [PCHA], Act of January 25, 1966, P. L. (1965) 1580, §§1 et seq., 19 P.S. §§1180-1 et seq. (Supp. 1972), alleging, inter alia, that his 1953 guilty plea was involuntary. Following appointment of counsel, the trial court dismissed the petition without a hearing.[2] That court

---

[1] On July 23, 1965, appellant filed a pro se habeas corpus petition which was denied without a hearing. A second pro se habeas corpus petition was denied without a hearing on September 8, 1965. The Superior Court affirmed, *Commonwealth ex rel. Beecham v. Myers,* 207 Pa. Superior Ct. 764, 218 A. 2d 829 (1966), and allocatur was denied July 25, 1966. On October 11, 1966, a pro se habeas corpus petition was denied by a federal court. The Third Circuit Court of Appeals denied a certification of probable cause on November 18, 1966.

[2] Section 9 of the PCHA provides: "If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. *However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner.* The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.

held that the record "completely refutes this allegation" and, thus, the petition is "utterly without merit." This decision on the merits was affirmed by the Superior Court. *Commonwealth v. Beecham,* 211 Pa. Superior Ct. 707, 234 A. 2d 224 (1967). Allocatur was denied on February 16, 1968.[3]

On February 25, 1970, appellant filed a second PCHA petition challenging the voluntariness of his 1953 plea. The petition was denied without a hearing and the denial was affirmed by the Superior Court. *Commonwealth v. Beecham,* 217 Pa. Superior Ct. 744, 268 A. 2d 239 (1970). We granted allocatur and now affirm.

Appellant's principal claim in his second 1970 PCHA petition is that his guilty plea was involuntarily entered.[4] The trial court, in dismissing this petition, properly held that the voluntariness of the plea had been "finally litigated," within the meaning of Section 4 of the PCHA, by virtue of the disposition of the first, counseled, 1966 PCHA petition.

Section 4 of the PCHA provides: "(a) For the purpose of this act, an issue is finally litigated if: (1) It

. . ." Act of January 25, 1966, P. L. (1965) 1580, §9, 19 P.S. §1180-9 (Supp. 1972). (Emphasis added.)

In *Commonwealth v. Snyder,* 427 Pa. 83, 233 A. 2d 530 (1967), cert. denied, 390 U.S. 983, 88 S. Ct. 1104 (1968), we said, "Section 9 requires a hearing only where the *facts* alleged would entitle petitioner to relief." Id. at 102, 233 A. 2d at 540.

[3] A federal habeas corpus petition was denied without a hearing on March 15, 1968. Certification of probable cause was issued by the Third Circuit Court of Appeals and December 11, 1968, the petition was remanded for a hearing. After a hearing on April 14, 1969, relief was denied. *United States ex rel. Beecham v. Rundle,* 306 F. Supp. 904 (1969). On September 12, 1969, appellant's motion for rehearing and certification was denied and on December 17, 1969, the Third Circuit Court of Appeals denied certification of probable cause.

[4] Appellant raised other points of contention in his PCHA petition but appellant's counsel has not pursued them on this appeal.

has been raised in the trial court, the trial court has ruled on the merits of the issue, and petitioner has knowingly and understandingly failed to appeal the trial court's ruling; or (2) The Superior Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to avail himself of further appeals, or (3) The Supreme Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue." Act of January 25, 1966, P. L. (1965) 1580, §4, 19 P.S. §1180-4 (Supp. 1972).

In *Commonwealth v. Black*, 433 Pa. 150, 249 A. 2d 561 (1969), we held that the finally litigated provision of Section 4 of the PCHA precludes relitigation of an issue which had been decided on the merits in a previous, counseled petition filed pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §§1 et seq., 19 P.S. §§1180-1 et seq. (Supp. 1972). See also *Commonwealth v. Hill*, 444 Pa. 75, 77, 279 A. 2d 170, 172 (1971).

Here, the second and present (1970) PCHA petition merely repeats the precise claim which was asserted in the 1966 petition and which was dismissed as "utterly without merit." That decision on the 1966 petition, which was appealed to both the Superior Court and this Court, was a "rul[ing] on the merits of the issue". Act of January 25, 1966, P. L. (1965) 1580, §4, 19 P.S. §1180-4 (Supp. 1972). Thus, the voluntariness of appellant's guilty plea was "finally litigated" within the meaning of Section 4 of the PCHA. What we said in *Commonwealth v. Slavik*, 449 Pa. 424, 297 A. 2d 920 (1972), is equally applicable to this appellant and is conclusively dispositive of his claim for relief: "That issue, so determined, reached the procedural and substantive end-of-the-line of the state's judicial process. Thereafter that same issue could not be subsequently

reintroduced for judicial decision and again begin a tour of the state's judicial system. Indeed, Pennsylvania has a significant and compelling jurisprudential interest in preventing the useless burdening of its judicial machinery with repetitive consideration of issues previously decided. It is evident that the orderly administration of justice requires that a criminal controversy, like any other litigation, some day come to an end." Id. at 432, 297 A. 2d at 924.

Order affirmed.