369 A.2d 305

COMMONWEALTH of Pennsylvania

v.

James Nick PEETROS, Appellant.

Superior Court of Pennsylvania.

Submitted March 22, 1976.

Decided Nov. 22, 1976.

Stephen P. Gallagher, Philadelphia, for appellant.

Stewart J. Greenleaf, Assistant District Attorney, Willow Grove, William T. Nicholas, First Assistant District Attorney, and Milton O. Moss, District Attorney, Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Appellant contests the lower court's order dismissing his petition filed under the Post Conviction Hearing Act,

Act of January 25, 1966, P.L. (1965) 1580, § 1 (19 P.S. § 1180–1 (Supp.1976–77)) *et seq.* (PCHA). His case began its sojourn in the judicial system over one decade ago. The docket entries occupy 19 pages of the record. The various volumes of testimony consume 1763 pages. This is the third time that appellant has brought his cause before this court. We affirm the order of the lower court.

On January 16, 1965, appellant was tried before a jury and found guilty on charges of aggravated robbery, burglary, and conspiracy. On November 11, 1965, this court filed an opinion reversing those convictions and granting appellant a new trial. *Commonwealth v. Peetros,* 206 Pa.Super. 503, 214 A.2d 279 (1965). Appellant's second trial began on September 22, 1969. During the course of that trial, the court granted appellant's motion to allow the jury to view the scene of the crime. A bus was procured to transport the judge, the jury, and the attorneys to the scene. Arrangements were made to transport appellant separately.

On the evening before the proposed excursion, two newspapers published reports of appellant's prior conviction and the reversal he had obtained. Unbeknownst to appellant, instead of travelling to the view site as planned, the judge convened the court to determine the effects of the published accounts. Three of the first four jurors examined admitted to having read the stories. While appellant was still waiting at the scene of the crime, the court granted appellant's counsel's motion for a mistrial.

Appellant's third trial began on December 3, 1969, and resulted in a verdict of guilty on all counts. In his post-trial motions for a new trial and in arrest of judgment, appellant raised the issue of double jeopardy. The motions were denied and appellant appealed to this court, which affirmed the judgments of sentence. *Commonwealth v. Peetros,* 217 Pa.Super. 841, 270 A.2d 230

(1970). The Supreme Court of Pennsylvania refused an allowance of appeal, 217 Pa.Super. *liv* (1971), and also refused a petition for reconsideration.

Appellant then took his search for relief to the federal court system by filing a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. The district court denied the petition but granted probable cause for an appeal. *United States ex rel. Peetros v. Rundle*, 342 F.Supp. 55 (E. D.Pa.1972). The United States Court of Appeals for the Third Circuit affirmed the district court, 478 F.2d 1399 (3d Cir. 1973), and then granted a petition for reconsideration. Upon reconsideration, the court again affirmed the district court.

Appellant forsook his attempts to obtain relief in the federal courts and returned to the state court system by filing a petition for a writ of habeas corpus in the Supreme Court of Pennsylvania. This petition was denied.

Finally, appellant filed a PCHA petition in the court of common pleas. The petition was dismissed and it is the order dismissing that petition that appellant has appealed to this court. We hold that appellant is not entitled to relief because the issues he raises have either been finally litigated or waived.[1]

On appeal, appellant raises three issues. He contends (1) that his third trial violated the Constitutional prohibition against being twice placed in jeopardy for the same offense; (2) that the lower court violated Pa.R. Crim.P. 1118(b) when it declared a mistrial in his absence; and (3) that he was denied due process in his sentencing proceeding when the sentencing court took into consideration materially false information.

The first of these issues was raised by appellant on direct appeal from his judgment of sentence. Thus, that issue has been finally litigated and cannot be a basis

1. PCHA § 3(d) (19 P.S. § 1180–3(d) ).

88

for relief in a PCHA proceeding. *Commonwealth v. Beecham*, 450 Pa. 197, 299 A.2d 651 (1973); *Commonwealth v. Myers*, 232 Pa.Super. 103, 331 A.2d 695 (1974); 19 P.S. § 1180–4(a)(3).

■ The second and third issues were not raised on direct appeal, but could have been raised at that time. Appellant has presented no extraordinary circumstances to excuse his failure to raise these issues on appeal, and, therefore, the issues must be deemed waived. *Commonwealth v. Gwyn*, 449 Pa. 131, 295 A.2d 73 (1972); 19 P. S. § 1180–4(b).

The order of the lower court is affirmed.