378 A.2d 465

**COMMONWEALTH of Pennsylvania**

v.

**Emanuel GARDNER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Oct. 6, 1977.

88

Jack M. Myers, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This is an appeal from the lower court's denial of a petition for relief under the Post Conviction Hearing Act.[1] Following a jury trial on January 25, and 26, 1971, appellant was found guilty of two counts of aggravated robbery. On January 27 and 28, 1971, appellant was tried before the same judge and a separate jury on charges stemming from a different occurrence and convicted of burglary and aggravated robbery. Motions for a new trial and in arrest of judgment were filed and subsequently denied. A concurrent sentence of ten to twenty years imprisonment was imposed on each conviction. Appellant took a direct, counseled appeal to this court, which on May 30, 1972, affirmed the judgments of sentence. *Commonwealth v. Gardner*, 221 Pa.Super. 775, 291 A.2d 789 (1972). The Supreme Court of Pennsylvania denied allocatur on November 9, 1972.

The contentions advanced in this appeal are: (1) that the motions court erred in denying appellant's request to dismiss defense counsel and appoint new counsel prior to trial; and (2) that defense counsel's belief in appellant's guilt made him unable to represent appellant effectively at trial. The lower court, following a hearing held on May 20 and June 13, 1975, which featured, *inter alia*, the testimony of appellant and his trial counsel, found that appellant's contentions could be deemed waived. Proceeding to the merits, however, it also ascertained that there was no abuse of discretion in the denial of appellant's motion to dismiss his trial

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 (19 P.S. § 1180–1 *et seq.* (Supp.1976–77)).

counsel and that trial counsel's representation was not ineffective. We affirm the lower court's denial of relief.

■■■■ Appellant was represented by counsel other than trial counsel on his direct appeal to this court.

[I]neffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant. It follows then that when newly appointed post-trial counsel fails to assign the ineffectiveness of trial counsel as a ground for post-trial relief, the issue of trial counsel's ineffectiveness is not properly preserved for appellate review. *Commonwealth v. Hubbard*, 472 Pa. 259, 276 n. 6, 372 A.2d 687, 695 n. 6 (1977).

Several instances of alleged ineffective assistance were treated by the lower court in its post-trial opinion. As the Supreme Court of Pennsylvania declined review of this court's decision, any issues raised on direct appeal[2] were finally litigated, *Commonwealth v. Beecham*, 450 Pa. 197, 299 A.2d 651 (1973); 19 P.S. § 1180–4(a)(2) and (3), and can afford no basis for relief. 19 P.S. § 1180–3(d). As to those claims of alleged ineffectiveness asserted herein which were not raised on direct appeal, the following analysis is applicable. "There is a rebuttable presumption that a failure . . . to raise an issue is a knowing and understanding failure." 19 P.S. § 1180–4(c). Appellant has not alleged facts "to prove the existence of extraordinary circumstances to justify his failure to raise the issue[s]." 19 P.S. § 1180–4(b)(2).[3] Those claims are therefore waived, *Commonwealth v. Hubbard, supra; Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); 19 P.S. § 1180–4(b)(1), and cannot justify relief, 19 P.S. § 1180–3(d).

2. The Commonwealth's brief filed in appellant's direct appeal indicates that no claims of ineffective assistance of counsel were raised at that stage.

3. Ineffective assistance of counsel on appeal could constitute such an "extraordinary circumstance." *See Commonwealth v. Wideman*, 453 Pa. 119, 306 A.2d 894 (1973). Appellant has not, however, questioned the effectiveness of appellate counsel.

■ However, because the direct appeal in this case was filed well prior to *Commonwealth v. Dancer, supra,* and because some cases prior to *Dancer* indicated that direct appeal was not necessarily a proper forum for ineffectiveness claims, *see Commonwealth v. Glasco,* 241 Pa.Super. 484, 496, 362 A.2d 420, 427 (1976), we will proceed to review appellant's claims on the merits. Appellant first alleges that the trial court erred in refusing his request that counsel from the public defender's office be dismissed and new counsel be appointed to represent him. The principal factor precipitating the request was that, although appellant had consistently maintained his innocence, counsel suggested the possibility of a guilty plea. Appellant apparently felt that his counsel believed him to be guilty and therefore could not represent him properly.

Appellant's trial counsel testified at the second session of the post conviction hearing, held June 13, 1975. Trial counsel stated that, after going over the evidence with appellant in regard to the two robberies with which he was charged, he told appellant that the Commonwealth's case was extremely strong, observed that there was little upon which to build a viable defense and advised appellant to plead guilty. Counsel further explained that he would have suggested guilty pleas to both robberies if necessary, but he thought that there was a possibility of pleading guilty to one charge in exchange for a nol pros of the other. (NT PCH 140-43). Confronted with appellant's adamant rejection of a plea, counsel rejoined that he would proceed with the case in whatever way appellant chose, but that he had an obligation to explain the possible alternatives. (NT PCH 144). Asked if he had ever indicated to appellant that he was convinced of his guilt, counsel replied that he had not. (NT PCH 157). Counsel then stated that his opinion as to appellant's guilt had no effect on his ability to represent appellant vigorously, and that he did in fact represent appellant to the best of his ability during the trials. (NT PCH 158).

"Whether a petition for change of court-appointed counsel should be granted is within the sound discretion of the trial

court." *Commonwealth v. Segers,* 460 Pa. 149, 154, 331 A.2d 462, 465 (1975). Pa.R.Crim.P. 318(c)(iii) provides: "An application for change of counsel by a defendant to whom counsel has been assigned, shall not be granted except for substantial reasons." Appellant's reason for his request was that his counsel had advised him to plead guilty in the face of virtually overwhelming evidence, and thus appellant felt that his counsel did not believe in his innocence. There is, however, no indication that counsel's opinion adversely affected his ability to defend appellant and, fortunately, strict belief in a client's innocence has never been a requisite of effective representation. There was no abuse of discretion in the lower court's refusal to grant appellant a change of appointed counsel. Appellant's claim of error in that regard is without merit.

Appellant's second contention is that trial counsel was ineffective. He points to several instances allegedly constituting, individually or in the aggregate, inadequate representation. It is first asserted that counsel or other individuals in the Defendant's office were informed, on various occasions, of the existence of witnesses who could have provided appellant with an alibi defense at his first (Stenton Pharmacy) robbery trial, and that none of these witnesses were obtained. Defense counsel's testimony at the PCHA hearing, based on reference to appellant's Defender file, indicated that appellant had given personnel from the Defender's office the names of three purported alibi witnesses. Extensive efforts were made up to and during the trial to locate these persons, including investigation of the names and addresses provided by appellant and attempts to elicit information from appellant's mother regarding the possible whereabouts of the named individuals. The Defender's investigation failed to unearth any of the alleged alibi witnesses. (NT PCH 150–57). None of the three supposed witnesses testified at appellant's PCHA hearing. Defense counsel could not introduce the testimony of alibi witnesses he was unable, despite a diligent effort, to find. Further, there is no indication that a continuance to

allow additional time to search for said witnesses would have altered the negative results.

Appellant claims that his former girlfriend, Theresa Pender, could have provided him with an alibi for the time during which the robbery charged in the second trial (Mermaid Bar) was committed. Although appellant contends that he informed the Voluntary Defender's office of Theresa Pender's potential alibi testimony long before he came to trial, defense counsel's PCHA testimony is to the contrary. Appellant's trial counsel stated that appellant did not mention Miss Pender as an alibi witness until shortly before the case went to trial (NT PCH 176), that she was subpoenaed and did appear in court at the time of trial, but that she was not asked to testify because she informed counsel that she could not remember if appellant had been with her on the day in question. (NT PCH 179). At the PCHA hearing Theresa Pender testified that she received a subpoena, appeared in court at the proper time and conferred in the hallway with appellant's attorney. She told the attorney that she could not remember appellant being with her on the relevant day. She was asked to wait in the hall for a few minutes and subsequently told that she was free to go. (NT PCH 124–26). On cross-examination, Miss Pender stated that she had no present recollection of the day of the robbery. (NT PCH 131). In a case where a similar claim was asserted against trial counsel's performance, our supreme court held that "this alleged error, absent a demonstration that the missing testimony would be helpful, cannot be equated with a conclusion of ineffective assistance." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 609–10, 235 A.2d 349, 355 (1967), *citing Commonwealth ex rel. Sprangle v. Maroney*, 423 Pa. 589, 225 A.2d 236 (1967). Even accepting appellant's assertion that Miss Pender might have remembered the critical day had she been interviewed sooner (a dubious claim at best, in light of the testimony discussed above), her PCHA testimony demonstrates that she would not have been a useful witness at appellant's first trial and that she would certainly be of no help to him if a new trial was granted.

 Appellant alleges that trial counsel was ineffective for failing to have appellant testify as to his alibi. At his first trial appellant testified in regard to his height, weight and facial hair and denied any participation or involvement in the Stenton Pharmacy robbery. Appellant did not testify in the second trial. At the PCHA hearing, defense counsel testified that he saw identification as the major issue in the cases, no alibi witnesses having been found (NT PCH 145). In the first trial, counsel attacked discrepancies between witness' descriptions of the robber and appellant's actual height, color and facial hair. Appellant's mother testified as to his facial hair and [lack of need for] shaving. In the second trial, counsel brought out a disparity between testimony regarding the robber's height and appellant's actual height and cross-examined on other identification weaknesses. The situation in the instant case is analogous to the circumstances in *Commonwealth v. Woody*, 440 Pa. 569, 575–76, 271 A.2d 477, 481 (1970), where the court stated that "[t]he substance of defendant's appeal, therefore, seems to be a disagreement over trial strategy. Appellant's attorney stressed the identification issue, while appellant wished his attorney had pressed his alibi . . . . There is ample evidence both in the record and the trial court's findings to convincingly indicate appellant had effective counsel during his trial."

In this case defense counsel had no witnesses or independent evidence to support alibi testimony by appellant. Counsel's PCHA testimony indicates that the total lack of corroborative evidence led him not to present an alibi defense. Such testimony by appellant, under the circumstances, could have been subject to damaging cross-examination resulting in consequent impairment of appellant's credibility. "We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney, supra* 427 Pa. at

96

604, 235 A.2d at 352 (emphasis in original). Trial counsel's actions in this case certainly had such a reasonable basis.

■■ Appellant next complains of defense counsel's failure to secure the testimony of one Fred Levi, appellant's employer at the time of the robberies, who allegedly would have given appellant a good character reference. It is first notable that appellant's Defender file, as reviewed by defense counsel during the PCHA hearing, revealed no mention by appellant of this character witness. Further, "it is a matter for the judgment of defense counsel as to whether the defendant runs a greater risk of exposing matters upon taking the stand or offering character evidence which might in the end ruin his case." *United States v. Tauro*, 362 F.Supp. 688, 694 (W.D.Pa.1973). Appellant had a prior conviction which could have been referred to on cross-examination of the character witness. Thus, even assuming that defense counsel was informed of a potential character witness, his decision not to introduce such testimony had a rational basis in terms of his client's interests. Finally, the alleged character witness did not testify at the PCHA hearing. "Absent a demonstration that the missing testimony would be helpful," *Commonwealth ex rel. Washington v. Maroney, supra* 427 Pa. at 609–10, 235 A.2d at 355, we cannot premise a finding of ineffective assistance on this claim.

■ Another contention raised by appellant in support of his ineffective assistance claim is that defense counsel did not have the notes of testimony from the suppression hearings or the preliminary hearing before him at the time of trial. At the PCHA hearing, appellant testified that defense counsel never had the notes of appellant's second suppression hearing before him during any proceeding in the cases. (NT PCH 38–39). Defense counsel stated that he could not recall if he had looked at these notes prior to the trials (NT PCH 186). We first observe that lack of such notes of testimony has been held not to constitute ineffective assistance per se. *Commonwealth v. Hampton*, 462 Pa.

322, 341 A.2d 101 (1975). Further, appellant has failed to point out any contradictions or inconsistencies between suppression or preliminary hearing testimony and testimony at his trials. We are thus unable to conclude "that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized," *Commonwealth ex rel. Washington v. Maroney, supra* 427 Pa. at 605 n. 8, 235 A.2d at 353 n. 8, and appellant has not established ineffective assistance on this ground.

 Appellant's final claim is that trial counsel's failure to argue post-trial motions evidenced his ineffectiveness. Mimeographed pro forma post-trial motions were filed by defense counsel, while appellant filed extensive, detailed written motions *pro se*. At oral argument of the motions, held prior to sentencing, defense counsel stated that he had reviewed the trial transcripts and had been able to find "no reversible error." (NT SENTENCING (4–12–71) 120). Appellant proceeded to argue his *pro se* motions before the court. We certainly do not endorse the actions of defense counsel in this regard. Counsel's role in a criminal case is that of an advocate of his client's cause, regardless of the difficulty or seeming futility of that position. It is counsel's duty to present whatever arguments can be made, not to impose his personal judgment as to their relative merits. In this case, however, all of appellant's post-trial claims have been reviewed, either on direct appeal or in post-conviction proceedings and the instant appeal. None of appellant's contentions have been held waived, either as improperly preserved below or on any other rationale. Appellant has thus suffered no prejudice from defense counsel's failure to present oral argument on post-trial motions and no relief is appropriate on that basis.

We have reviewed all of appellant's claims and have found them to be meritless. The order of the lower court denying appellant's petition for post-conviction relief is therefore affirmed.