419 A.2d 672

**COMMONWEALTH of Pennsylvania**

**v.**

**Charles PERRY, a/k/a Gregory Anderson, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed April 3, 1980.

Louis J. Presenza, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

PER CURIAM:

Appellant, Charles Perry (Perry), was indicted for robbery and conspiracy in February 1975. He was tried by the court sitting without a jury in Philadelphia and found guilty of both charges. Post–trial motions were denied, and a sentence of six to twenty years imprisonment was imposed.[1] Represented by new counsel, Perry filed a direct appeal to this court, and we affirmed the judgment of sentence per curiam.[2] In December 1976, Perry filed a *pro se* petition under the Post Conviction Hearing Act[3] (19 P.S. § ——). The PCHA court appointed new, third, counsel and, after a hearing, denied relief.

Each of the grounds for relief advanced by Perry involves a challenge to the effectiveness of trial counsel. Trial counsel's assistance is alleged to be ineffective for failure of counsel to object to amendment of the bill of indictment on the day of trial or, in the alternative, for failure to request a continuance. It is also claimed trial counsel was ineffective in failing to object to alleged hearsay testimony at trial.

The record discloses the foregoing issues were not raised on direct appeal and in that appeal, as noted before, Perry was represented by new counsel (other than trial counsel). Since the effectiveness of counsel on direct appeal has never been challenged and no other extraordinary circumstances are advanced to justify the failure to raise the issues on direct appeal, these issues are waived. 19 P.S. §§ 1180–4(b)(1), 1180–4(b)(2) (Supp.1979–80).

Finally, trial counsel's effectiveness in withdrawing a motion to suppress physical evidence, statements, and identi-

---

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania is sitting by designation.

1. Sentence was suspended on the conspiracy conviction.

2. 241 Pa.Super. 582, 360 A.2d 674 (1976), *allocatur refused.*

3. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 *et seq.*, 19 P.S. §§ 1180–1 *et seq.* (Supp.1979–80).

fication is challenged. This precise issue was presented and rejected on direct appeal and is, therefore, finally litigated. 19 P.S. § 1180–4(a)(3) (Supp.1979–80); *Commonwealth v. Gardner*, 250 Pa.Super. 86, 378 A.2d 465 (1977).

Order affirmed.