471 A.2d 879

**COMMONWEALTH of Pennsylvania**

v.

**George JONES, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1983.

Filed Feb. 10, 1984.

Petition for Allowance of Appeal Granted Aug. 30, 1984.

John A. Halley, Pittsburgh, for appellant.

Melinda G. Tell, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CAVANAUGH, CIRILLO and CERCONE, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Allegheny County denying relief under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S. §§ 9541–9551.

In January of 1977 appellant George Jones and two cohorts held up an insurance company office in Pittsburgh. Police officers immediately apprehended the robbers after a

shootout in the street behind the insurance office. For Jones the upshot came on October 18, 1977, when an Allegheny County jury found him guilty of three counts of robbery, two counts of recklessly endangering another person, and one count each of theft, aggravated assault, and criminal conspiracy. Jones was sentenced to an aggregate of thirty to sixty years in prison.

On direct appeal, we affirmed the judgment of sentence, and the Supreme Court denied allocatur on December 8, 1980.

On October 23, 1981, Jones filed a petition under the PCHA alleging a denial of his constitutional right to competent counsel. After a counselled evidentiary hearing, the court denied relief in an order dated April 23, 1982. We will affirm.

■ Jones first claims that the trial court denied him his right to counsel by refusing to continue the case so that Attorney Paul Gettleman could represent him. We rejected this precise claim on direct appeal. *Commonwealth v. Jones*, 289 Pa.Super. 556, 429 A.2d 59 (1980) (per curiam order). Therefore, the issue has been finally litigated in this Court and we will not address it again, *Commonwealth v. Hobson*, 286 Pa.Super. 271, 428 A.2d 987 (1981); *Commonwealth v. Dyson*, 249 Pa.Super. 503, 378 A.2d 408 (1977); *Commonwealth v. Peetros*, 245 Pa.Super. 84, 369 A.2d 305, 306 (1976), although the Supreme Court may still have the discretion to review the claim, *see Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569 (1981); *but see Commonwealth v. Beecham*, 450 Pa. 197, 299 A.2d 651 (1973).

Once the trial court denied a continuance, Jones elected to represent himself at trial. Nevertheless, the court directed public defender Frank Reilley to act as advisory counsel. Mr. Reilley had been serving Jones in that capacity in pretrial proceedings, and in addition represented Jones on direct appeal. Jones now assigns Reilley's ineffective representation as grounds for relief.

Jones alleges that Reilley was ineffective in failing to preserve two issues: whether in-court witness identification

testimony should have been suppressed, and whether Jones's oral confession was voluntary.

 In cases of this sort it is well-settled that counsel cannot be deemed ineffective unless pursuing the foregone claims presented a substantially greater potential for success than counsel's course of not pursuing the claims. *Commonwealth v. Irwin,* 494 Pa. 277, 431 A.2d 257 (1981). It therefore stands to reason that counsel cannot be deemed ineffective for failing to assert meritless claims. *Id.; Commonwealth v. Kenney,* 317 Pa.Super. 175, 463 A.2d 1142 (1983). The burden of proving counsel's ineffectiveness never shifts from the party alleging it. *Commonwealth v. Bailey,* 322 Pa.Super. 249, 469 A.2d 604 (1983).

 Appellant's claim that in-court identifications of him should have been suppressed is based on the fact that the court suppressed identifications made by three witnesses at the preliminary hearing. The claim is without substance. The applicable rule of law is that after suppression of a suggestive out-of-court identification, in-court identification may still be admitted if, considering the totality of the circumstances, the court determines that the in-court identification has an independent origin sufficiently distinguishable from the pretrial encounter. *Commonwealth v. Zabala,* 303 Pa.Super. 72, 449 A.2d 583 (1982). In this case the suppression court found clear and convincing evidence of an independent origin for each in-court identification. Four victims of Jones's misbegotten get-rich-quick scheme and four police officers involved in the subsequent chase positively identified Jones at trial. Each had an excellent opportunity to observe Jones during the incident and after his immediate capture. It is virtually inconceivable that these identifications were made on the basis of the suppressed preliminary hearing testimony. Appellant has directed us to no fact or circumstance that would upset the suppression court's finding of independent origin, and prior counsel could have gained nothing from pressing this claim.

Jones's claim of an involuntary confession is equally fruitless. In the melee after the holdup one of the officers

on the scene was shot in the leg. While being taken away in the paddy wagon Jones admitted to being the shooter. He alleges that the officers in the wagon beat the admission out of him and failed to read him his rights.

The officers' version was to the contrary. According to three of them, after Jones had been given *Miranda* warnings he inquired how the wounded officer was faring; Officer James Holliday responded, "What the hell do you care?", prompting Jones spontaneously to inculpate himself with the shooting. A fourth officer's testimony indicated that the inculpatory exchange occurred before warnings were given. However, appellant's claim that his admission was unconstitutionally induced remains unsupported, since Officer Holliday's question in response to Jones's question cannot be characterized as custodial police interrogation by any stretch of the imagination.

The PCHA court credited the officers' version of events in the paddy wagon and disbelieved appellant's. The court's credibility determinations will be upheld on appeal. *Commonwealth v. Wright*, 497 Pa. 492, 442 A.2d 230 (1982); *Commonwealth v. Carrillo*, 319 Pa.Super. 115, 465 A.2d 1256 (1983).

Order affirmed.