J-S14002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
              Appellee :
:
              v. :
:
JERRY S. ELEY, JR. :
:
              Appellant : No. 774 MDA 2016

Appeal from the PCRA Order April 7, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002998-2011

BEFORE: GANTMAN, P.J., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.: **FILED APRIL 11, 2017**

Appellant, Jerry S. Eley, Jr., appeals from the order entered in the

Luzerne County Court of Common Pleas, which denied his first petition

brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows.

On September 16, 2011, police arrested Appellant on outstanding traffic

warrants after a traffic stop. During a search incident to arrest, police

discovered narcotics on Appellant's person. That same day, police executed

a search warrant at Appellant's residence, which resulted in the recovery of

additional narcotics, a digital scale, drug-packaging materials, over

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Retired Senior Judge assigned to the Superior Court.

$1,700.00 in U.S. currency, and two firearms.

On December 6, 2011, the Commonwealth charged Appellant with various firearm and drug offenses. The Commonwealth subsequently filed a motion to amend the information, which the court granted on May 19, 2014. The amended information charged Appellant with two counts of persons not to possess firearms, and one count each of possession of a controlled substance, possession of drug paraphernalia, and PWID. On April 15, 2015, Appellant proceeded to a jury trial on the drug charges. The jury convicted Appellant of possession of a controlled substance, possession of drug paraphernalia, and PWID on April 16, 2015.

On June 8, 2015, Appellant entered a negotiated no-contest plea to carrying a firearm without a license, in exchange for the Commonwealth's recommendation that the court dismiss the remaining firearm charge and impose a total sentence of three (3) to six (6) years' imprisonment. On June 30, 2015, the court sentenced Appellant in accordance with the plea agreement. On July 17, 2015, Appellant timely filed a *pro se* PCRA petition, and the court appointed counsel on August 11, 2015. Counsel subsequently filed supplements to Appellant's PCRA petition, which raised ineffective assistance of trial counsel claims. The court held PCRA hearings on October 7, 2015, December 22, 2015, and March 31, 2016, where both Appellant and trial counsel testified. The court ultimately denied PCRA relief on April 7, 2016. Appellant timely filed a notice of appeal on May 6, 2016. No

concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), was ordered or filed.

Appellant raises the following issue for our review:

WHETHER TRIAL COUNSEL WAS INEFFECTIVE IN REPRESENTING…APPELLANT?

(Appellant's Brief at 1).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa.Super. 2012). If the record supports a PCRA court's credibility determination, it is binding on the appellate court. **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Michael T. Vough, we conclude Appellant's issue on appeal merits no relief. The PCRA court opinion comprehensively discusses and properly disposes of the question presented. (**See** PCRA Court Opinion, filed April 7, 2016, at 2-6)

- 3 -

(finding: record does not support Appellant's ineffective assistance of counsel claims; while Appellant alleges trial counsel failed to file direct appeal on his behalf, Appellant admitted at PCRA hearing he discussed appeal with trial counsel prior to trial, but not after trial or sentencing; trial counsel stated at PCRA hearing he did not promise to file direct appeal on Appellant's behalf; trial counsel also testified Appellant did not ask him to file direct appeal at any time; after Appellant's jury trial resulted in multiple drug convictions, Appellant and Commonwealth reached plea agreement with respect to Appellant's remaining firearm charges; Appellant subsequently entered negotiated no contest plea to carrying firearm without license, in exchange for Commonwealth's request to withdraw remaining firearm charge and impose aggregate term of three to six years' imprisonment; court honored negotiated plea agreement and imposed recommended sentence; because Appellant received benefit he bargained for, he did not seek direct appeal; Appellant also claims trial counsel met with him only once and failed to discuss trial strategy with Appellant; nevertheless, trial counsel stated he met with Appellant in jail and at public defender's office after Appellant posted bail; additionally, trial counsel testified he filed bail motion and suppression motion on Appellant's behalf and presented every defense requested by Appellant; trial counsel also provided details of his discussions with Appellant, which included explanation of charges, consideration of possible defenses, and preparation for

Appellant's trial testimony; PCRA court found trial counsel's testimony on trial preparation credible and noted Appellant failed to provide any evidence to support his claim that counsel was unprepared for trial; under these circumstances, both of Appellant's ineffective assistance of counsel claims are without merit, and court properly denied PCRA relief). Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2017

## IN THE COURT OF COMMON PLEAS
## OF LUZERNE COUNTY

COMMONWEALTH OF PENNSYLVANIA :
                                :
        v.                      :       CRIMINAL DIVISION
                                :
JERRY S. ELEY, JR.              :       NO:  2998 OF 2011
INMATE NO: MC0774               :

### ORDER

AND NOW, this __7__ day of April, 2016, upon consideration of the Motion for Post Conviction Collateral Relief filed by Defendant, Jerry S. Eley, on July 17, 2015, the Supplement to PCRA Petition filed on September 18, 2015, the Supplement to PCRA Petition filed on December 22, 2015 as well as the Brief in Opposition filed by the Commonwealth on October 2, 2015 and the testimony and exhibits presented at the hearings held on October 7, 2015, December 18, 2015 and March 31, 2016, IT IS HEREBY ORDERED that the Motions are DENIED.

Attached hereto is a Memorandum setting forth the reasons for this Order.

The Clerk of Court shall promptly serve a copy of this Order on each party's attorney, or the party, if unrepresented, pursuant to Pa.R.Crim.P. 114

BY THE COURT:

_Michael T. Vough_
MICHAEL T. VOUGH,     J.

Copies To:

Luzerne County District Attorney's Office

Jeffrey A. Yelen, Esquire
1000 Citizens Bank Center
Wilkes-Barre, PA 18711

78

## IN THE COURT OF COMMON PLEAS
## OF LUZERNE COUNTY

COMMONWEALTH OF PENNSYLVANIA :
                                 :

        v.                        :    CRIMINAL DIVISION
                                   :

JERRY S. ELEY, JR.         :    NO: 2998 OF 2011
INMATE NO: MC0774       :

## MEMORANDUM

### I.   INTRODUCTION

This Memorandum is filed to address the issues raised in the Motion for Post

Conviction Collateral Relief filed by Defendant, Jerry S. Eley, on July 17, 2015 as well

as the Supplement to PCRA Petition filed on September 18, 2015 and December 22,

2015. At the PCRA hearings, Defendant alleged trial counsel's ineffectiveness for failing

to pursue an appeal and lack of preparation prior to trial.

### II.   PROCEDURAL HISTORY

On September 17, 2011, Defendant was charged with two counts of possession of

firearm prohibited, two counts of possession with intent to deliver a controlled substance

and one count of possession of drug paraphernalia in connection with a search of his

residence conducted by the Wilkes-Barre City police. During the search, police located 2

handguns, cocaine, a scale and assorted items of drug paraphernalia including plastic

baggies. On January 11, 2013, the Commonwealth's Motion to Amend the Information

was granted so that one count of possession with intent to deliver a controlled substance

was amended to simple possession.

2018 APR-7 PM 12:59
CLERK OF COURTS
LUZERNE

Defendant requested a jury trial which commenced on April 15, 2015 in connection with the charges of possession of a controlled substance, possession of drug paraphernalia and possession with intent to deliver a controlled substance. On April 16, 2015, the jury found Defendant guilty of all three counts. Prior to sentencing, Defendant entered a no contest plea to an amended count of firearms not to be carried without a license. This amended count replaced count one on information 2998 of 2011 which had been possession of firearm prohibited.

Sentencing took place on June 30, 2015. Defendant received a sentence of twenty-one to forty-two months on the firearms charge, fifteen to thirty months on the possession with intent charge and three to six months concurrent on the remaining charges. The sentence on the firearms charge was to run consecutive to the possession with intent charge resulting in a total aggregate sentence of thirty-six to seventy-two months. All sentences were within the standard range of the guidelines.

Rather than file a direct appeal, Defendant filed a pro se Motion for Post Conviction Collateral Relief on July 17, 2015. Counsel for Defendant supplemented the Motion on September 14, 2015 and September 22, 2015. As previously indicated, Defendant alleged trial counsel's ineffectiveness for failing to pursue an appeal and lack of preparation prior to trial.

### III.  LEGAL ANALYSIS

To be eligible for relief under Section 9543(a)(2)(ii) of the Post Conviction Relief Act, a Petitioner must plead and prove by a preponderance of the evidence that "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or

innocence could have taken place." Commonwealth v. Hickman, 799 A.2d 136, 140 n.2 (Pa.Super. 2002) quoting 42 Pa.C.S.A. Section 9543(a)(2)(ii).

There is a presumption that counsel is effective. Commonwealth v. Cross, 634 A.2d 173, 175 (Pa. 1993) citing Commonwealth v. Pierce, 527 A.2d 973, 975 (Pa. 1987). Defendant bears the burden of proving counsel's ineffectiveness and that burden does not shift. Cross, 634 A.2d at 175 citing Commonwealth v. Jones, 471 A.2d 879 (Pa. 1984).

For a Defendant to prevail on an ineffectiveness claim, he must satisfy a three-prong test and demonstrate that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonability probability that the outcome of the proceedings would have been different." Commonwealth v. Ali, 10 A.3d 282, 291 (Pa. 2010) citing Commonwealth v. (Michael) Pierce, 786 A.2d 203, 213 (Pa. 2001); Commonwealth v. Kimball, 724 A.2d 326, 333 (Pa. 1999). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." Commonwealth v. Daniels, 963 A.2d 409, 419 (Pa. 2009) citing Commonwealth v. Sneed, 899 A.2d 1067, 1076 (Pa. 2006). With regard to counsel not having a reasonable basis for his action, his approach must be "so unreasonable that no competent lawyer would have chosen it." Commonwealth v. Ervin, 766 A.2d 859, 862-63 (Pa.Super. 2000) quoting Commonwealth v. Miller, 431 A.2d 233, 234 (Pa. 1981). Finally, trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. Commonwealth v. Loner, 836 A.2d 125, 132 (Pa.Super. 2003).

Defendant alleges that trial counsel failed to file an appeal despite being requested to do so. He also alleges a failure to prepare prior to trial. Both of these allegations are unsupported by the testimony presented at the PCRA hearings and the record.

Defendant testified that he discussed an appeal with counsel before trial. He did not discuss or request an appeal after trial or sentencing. Defendant filed his Motion for Post Conviction Collateral Relief thirteen days before his time to file a direct appeal expired.

Trial counsel testified for the Commonwealth. He indicated that Defendant was advised that an appeal would be filed after trial if there were any appealable issues. He never promised to file an appeal and Defendant never requested that an appeal be filed. After Defendant was convicted, he reached an agreement with the Commonwealth to plead no contest to one count of firearms not to be carried without a license and be sentenced to an aggregate term of imprisonment of thirty-six to seventy-two months. This Court honored the agreement and imposed a total sentence of three to six years in a state correctional institution. It is clear that Defendant did not request an appeal since he received the sentence for which he bargained.

An unjustified failure to file a direct appeal requested by defendant is ineffective assistance of counsel per se and there is no need to show that the appeal would have been successful to establish the prejudice prong of the test for ineffectiveness. Commonwealth v. Bath, 907 A.2d 619, 622 (Pa.Super. 2006). However, "before a court will find ineffectiveness of counsel for failing to file a direct appeal. The defendant must prove that he requested an appeal and that counsel disregarded that request." Commonwealth v. Knighten, 742 A.2d 679, 682 (Pa.Super. 1999). "A mere allegation will not suffice to

prove that counsel ignored a petitioner's request to file an appeal." Commonwealth v. Spencer, 892 A.2d 840, 842 (Pa.Super. 2006) citing, Commonwealth v. Harmon, 738 A.2d 1023, 1024 (Pa.Super. 1999). This Court presided at the three hearings held in connection with Defendant's Motion for Post Conviction Collateral Relief and finds that trial counsel presented credible testimony establishing Defendant did not request the filing of a direct appeal on his behalf.

Defendant's remaining allegation is that trial counsel failed to prepare. He testified that he met with trial counsel and a private investigator on one occasion prior to trial. He further testified that no trial strategy was discussed and he was misinformed as to the charges he faced at trial. Defendant's trial strategy was to admit to the possession charge while contesting the possession with intent to deliver charge. Trial counsel also presented all the defenses requested by Defendant.

Trial counsel testified that he began representing Defendant sometime in late 2011. He originally met Defendant at the Luzerne County Correctional Facility and filed a bail petition on his behalf. He also filed pre-trial motions which included a Motion to Suppress.

After Defendant posted bail, he began meeting with trial counsel at the Luzerne County Public Defender's Office. Defendant also met with the investigator from the public defender's office. His tax records and photographs were given to trial counsel and Defendant provided the name of a person in North Carolina who allegedly owned the gun. Two meetings occurred prior to trial and Defendant was advised of the charges he would be facing at trial. His defense would be the cocaine was for personal use and not for sale. Trial counsel prepared Defendant prior to testifying and a plausible explanation

was provided for all the evidence presented by the Commonwealth as far as the possession with intent to deliver charge.

Trial counsel will not be deemed ineffective for lack of preparation without sufficient proof. Commonwealth v. Howard, 732 A.2d 1213, 1215 (Pa.Super. 1999) citing, Commonwealth v. Johnson, 588 A.2d 1303 (Pa. 1991). "The length of time dedicated to client consultation affords no basis for inferring the extent of trial preparation." Howard, 732 A.2d at 1215 quoting, Commonwealth v. Ellis, 700 A.2d 948, 960 (Pa.Super. 1997).

Once again this Court finds that trial counsel presented credible testimony on this issue. Defendant has failed to provide the evidence required to support his allegation that trial counsel was inadequately prepared. It is not the attorney's responsibility to invent a defense. It is the responsibility of the Defendant to communicate his defense to counsel and counsel then presents that defense to the jury. Trial counsel did exactly that.

Upon review of the testimony and exhibits presented at the hearings, and the record established in this case, this Court finds Defendant's ineffectiveness claims to be without merit. As a result, his Motion for Post Conviction Collateral Relief must be denied.

The Clerk of Court shall promptly serve a copy of this Order on each party's attorney, or the party, if unrepresented, pursuant to Pa.R.Crim.P. 114

BY THE COURT:

_____
MICHAEL T. VOUGH,     J.

Copies To:
Luzerne County District Attorney's Office
Jeffrey A. Yelen, Esquire