J-S47034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE M. GERMAN SANTOS, | : | |
| | : | |
| Appellant | : | No. 473 MDA 2019 |

Appeal from the PCRA Order Entered March 12, 2019
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0000197-2017

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:      **FILED: OCTOBER 15, 2019**

Jose M. German Santos ("Santos") appeals from the Order denying his Petition for Relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Counsel for Santos has filed a Petition to Withdraw from representation, and a No-Merit/**Turner Finley** Brief.[2]  We grant counsel's Petition to Withdraw, and affirm the Order of the PCRA court.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  **See also Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (recognizing that filing a no-merit brief may fulfill counsel's obligation to file a no-merit letter, provided that the brief contains all the information that must be included in a no-merit letter).

In its Opinion, the PCRA court summarized the relevant history underlying this appeal as follows:

On October 16, 2017[, Santos] pled guilty to Count 1 – Possession with Intent to Deliver (PWID) Marijuana; Count 6 – Driving Under the Influence, Controlled Substance, and Count 7 – Driving Under the Influence [], Controlled Substance Impaired Ability.[3] On November 20, 2017, [Santos] was sentenced to undergo a period of incarceration of seventy-two hours to six months in the Luzerne County Correctional Facility, Alcohol Highway Safety School, a twelve[-]month license suspension, and a $1,000.00 fine. [Santos] was also sentenced to two years [of] probation for Count 1[,] to run consecutive to Count 6.[FN] [Santos] did not file any post-sentence motions or appeals. On October 12, 2018, [Santos] filed a PCRA Petition. On January 24, 2019[, Santos,] through appointed counsel, filed a supplemental PCRA Petition…. [T]he issue [Santos] pursued at the PCRA hearing[,] held on February 28, 2019[,] was trial counsel's alleged ineffectiveness for failing to advise him of the deportation consequences of his guilty plea.

---

[FN] Counts 6 and 7 merged for sentencing purposes.

PCRA Court Opinion, 3/12/19, at 1-2 (one footnote added, one footnote in original).

Following a hearing, the PCRA court denied Santos's Petition. Thereafter, Santos flied the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Prior to addressing the merits of the issue raised in counsel's No-Merit Brief, we must determine whether counsel met the procedural requirements to withdraw. Counsel seeking to withdraw in PCRA proceedings

---

[3] **See** 35 P.S. § 780-113(a)(30); 75 Pa.C.S.A. § 3802(d)(1), (2).

must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the PCRA court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner[] (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se o*r by new counsel.

Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court … must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Muzzy**, 141 A.3d 509, 510-11 (Pa. Super. 2016) (corrections and some quotations and citations omitted).

Here, counsel has complied with the procedural requirements for withdrawing as PCRA counsel. Counsel has provided Santos with a copy of the Petition and the No-Merit Brief, and advised Santos of his right to proceed *pro se* or with private counsel. **See** Petition to Withdraw at 1. Santos has neither retained private counsel nor submitted any *pro se* filings to this Court. Accordingly, we next address Santos's substantive claims to determine whether they lack merit.

In the No-Merit Brief, Santos claims that his guilty plea counsel rendered ineffective assistance by permitting him to plead guilty, "without informing him of the potential for deportation." No-Merit Brief at 5. Santos argues that

his plea counsel was aware that Santos was not a United States citizen, and that he could be deported for pleading guilty. *Id.*

As this Court has explained,

[w]hen reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a *de novo* standard.

*Commonwealth v. Lee*, 206 A.3d 1, 6 (Pa. Super. 2019) (citations omitted).

To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. *Commonwealth v. Steele*, 961 A.2d 786, 796 (Pa. 2008). With regard to the second, *i.e.*, the "reasonable basis" prong, this Court will conclude that counsel's chosen strategy lacked a reasonable basis only if the appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006) (citation omitted). To establish the third prong, *i.e.*, prejudice, the appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. *Commonwealth v. Dennis*, 950 A.2d 945, 954 (Pa. 2008).

In its Opinion, the PCRA court set forth the relevant law regarding an ineffectiveness claim relating to advice to a non-citizen about the risks of deportation, addressed Santos's claim and concluded that it lacks merit. *See* PCRA Court Opinion, 3/12/19, at 3-5. The PCRA court's findings are supported in the record, and its legal conclusions are sound. *See id.* We therefore affirm on the basis of the PCRA court's Opinion, with regard to Santos's claim of ineffective assistance of plea counsel. *See id.*

We further agree with counsel's assessment that the appeal lacks merit and is frivolous. Consequently, we grant counsel's Petition to Withdraw from representation.

Petition to Withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2019

**IN THE COURT OF COMMON PLEAS**
**OF LUZERNE COUNTY**

COMMONWEALTH OF PENNSYLVANIA :

v. : CRIMINAL DIVISION

JOSE M. GERMAN SANTOS : NO: 197 OF 2017
INMATE NO: :

## MEMORANDUM

## I. INTRODUCTION

This memorandum is filed to address the issues raised in the Petition for Post

Conviction Collateral Relief (hereinafter "PCRA") by Defendant, Jose German Santos, on

October 12, 2018. At the PCRA hearing on February 27, 2019, Defendant pursued the allegation

of ineffective assistance of counsel for failing to advise him of the deportation consequences of

his guilty plea agreement.

## II. PROCEDURAL HISTORY

On October 16, 2017 Defendant pled guilty to Count 1 – Possession with Intent to

Deliver (PWID) Marijuana; Count 6 – Driving Under the Influence, Controlled Substance; and

Count 7 – Driving Under the Influence (DUI), Controlled Substance Impaired Ability. On

November 20, 2017, Defendant was sentenced to undergo a period of incarceration of seventy-

two hours to six months in the Luzerne County Correctional Facility, Alcohol Highway Safety

School, a twelve month license suspension, and a $1,000.00 fine. Defendant was also sentenced

to two years probation for Count 1 to run consecutive to Count 6.[1] Defendant did not file any

post-sentence motions or appeals. On October 12, 2018, Defendant filed a PCRA Petition. On

---

[1] Counts 6 and 7 merged for sentencing purposes.

January 24, 2019 Defendant, through appointed counsel, filed a supplemental PCRA Petition. As previously indicated, the issue Defendant pursued at the PCRA hearing held on February 27, 2019 was trial counsel's alleged ineffectiveness for failing to advise him of the deportation consequences of his guilty plea.

## III.   LEGAL ANALYSIS

To be eligible for relief under 42 Pa.C.S.A. § 9543(a)(2) of the Post Conviction Relief Act, a petitioner must plead and prove by a preponderance of the evidence that "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Commonwealth v. Hickman, 799 A.2d 136, 140 n.2 (Pa. Super. 2002) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)).

There is a presumption that counsel is effective. Commonwealth v. Cross 634 A.2d 173, 175 (Pa. 1993) (citing Commonwealth v. Pierce, 527 A.2d 973, 975 (Pa. 1987)). Defendant bears the burden of proving counsel's ineffectiveness and that burden does not shift. Cross, 634 A.2d at 175 (citing Commonwealth v. Jones, 471 A.2d 879 (Pa. 1984)).

For a Defendant to prevail on an ineffectiveness claim, he must satisfy a three-prong test and demonstrate that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." Commonwealth v. Ali 10 A.3d 282, 291 (Pa. 2010) (citing Commonwealth v. (Michael) Pierce, 786 A.2d 203, 213 (Pa. 2001)); Commonwealth v. Kimball 724 A.2d 326, 333 (Pa. 1999). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." Commonwealth v.

Daniels, 963 A.2d 409, 419 (Pa. 2009) (citing Commonwealth v. Sneed, 899 A.2d 1067, 1076 (Pa. 2006)). With regard to counsel not having a reasonable basis for his action, his approach must be "so unreasonable that no competent lawyer would have chosen it." Commonwealth v. Ervin, 766 A.2d 859, 862-63 (Pa. Super. 2000) (quoting Commonwealth v. Miller, 431 A.2d 233, 234 (Pa. 1981)). Finally, trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. Commonwealth v. Loner, 836 A.2d 125, 132 (Pa. Super. 2003).

Allegations of ineffectiveness in connection with a guilty plea will not justify relief unless the ineffectiveness of counsel caused defendant to enter an involuntary or unknowing plea. Commonwealth v. Anderson, 995 A.2d 1184, 1192 (Pa. Super. 2010). If the defendant enters a plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence which would be expected of attorneys in criminal cases. Id. A valid guilty plea must be knowingly, voluntarily and intelligently entered. Id.

It is clear that counsel must inform a noncitizen defendant as to the risk of deportation that may result from a guilty plea. Padilla v. Kentucky, 559 U.S. 356, 369 (2010). However, our Supreme Court has interpreted Padilla as requiring counsel to inform a defendant as to the risk of deportation, not as to its certainty. Commonwealth v. McDermitt, 66 A.3d 810, 814 (Pa. Super. 2013). When the risk of deportation is clear, "the duty to give correct advice is equally clear." Padilla, 559 U.S. at 368. However, giving correct advice does not necessarily mean that counsel must tell a defendant he would definitely be deported. Commonwealth v. Escobar, 70 A.3d 838, 841 (Pa. Super. 2013). As the court noted in Escobar, there is no guarantee that the United States Attorney General would take all the steps necessary to carry out defendant's deportation. Id.

Here, Defendant alleged that he entered a guilty plea to PWID Marijuana; DUI, Controlled Substance; and DUI, Controlled Substance Impaired Ability, without being advised as to the deportation consequences of his plea by counsel. Defendant testified that he would not have pled guilty had he know he would be deported. (Notes of Testimony, In re: PCRA Hearing, February 27, 2019, (Vough, J.) (hereinafter "N.T.___") at 5).

Defendant retained Joseph Sklarosky, Sr., Esq. (hereinafter "Attorney Sklarosky"), a criminal defense attorney with forty-five years of experience, to represent him in connection with the criminal case. (N.T. 8-9). Defendant retained Attorney Sklarosky prior to the preliminary hearing and he was aware that Defendant was not a United States citizen. (N.T. 9, 12). Attorney Sklarosky knew that a guilty plea to the charges filed against Defendant could subject him to deportation. (N.T. 13, 15).

Defendant eventually pled guilty to PWID Marijuana; DUI, Controlled Substance; and DUI, Controlled Substance Impaired Ability. The negotiated plea agreement was favorable to Defendant. Prior to pleading guilty, Attorney Sklarosky advised Defendant that he could be subject to deportation as Defendant completed Attorney Sklarosky's intake form, which indicated that Defendant was not a U.S. citizen and had a green card. (N.T. 9-10; 12, C-1; 12-13). Attorney Sklarosky testified that it is his normal practice to refer all criminal clients who are not U.S. citizens charged with misdemeanors or felonies and facing possible deportation to a local immigration attorney. (N.T. 9-10, 13, 15-16). Attorney Sklarosky followed his normal practice in this case and gave the Defendant a business card for a local immigration attorney prior to the plea hearing on October 16, 2017. (N.T. 6, 12-13). Defendant was made aware of the possible deportation consequences of his plea by Attorney Sklarosky as Defendant testified that

he received the immigration attorney's business card, but did not contact the immigration attorney. (N.T. 6).

Additionally, this Court found the testimony presented by Attorney Sklarosky at the PCRA Hearing to be credible. He followed his normal practice by advising the Defendant that his guilty plea may result in deportation and gave the Defendant an immigration attorney's business card. The Defendant admitted to receiving the immigration attorney's phone number, but failed to contact the attorney. Accordingly, Defendant's ineffectiveness claim lacks merit as Attorney Sklarosky provided the requisite advice regarding his plea and deportation consequences; Defendant knowingly, voluntarily, and intelligently entered into his guilty plea agreement. Therefore, Defendant's Petition for Post Conviction Relief raises no issues of merit and must be denied.

BY THE COURT:

MICHAEL T. VOUGH,       J.