J. S93011/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
    :          PENNSYLVANIA
    :
                V.     :
    :
BASEEM BROOKS,     :
    :
           APPELLANT     :     No. 263 EDA 2016
    :

Appeal from the PCRA Order January 7, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001996-2009

BEFORE: DUBOW, SOLANO, AND PLATT[*], JJ.

MEMORANDUM BY DUBOW, J.:           **FILED FEBRUARY 10, 2017**

Appellant, Baseem Brooks, appeals from the January 7, 2016 Order

denying his first Petition for relief filed pursuant to the Post Conviction Relief

Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, challenging the effectiveness of all

prior counsel. After careful review, we affirm.

On direct appeal, we summarized the facts underlying Appellant's

convictions as follows:

> Appellant's convictions arose from an armed robbery that
> occurred at about one o'clock in the morning on July 9, 2008, in
> Philadelphia. At that time, [A]ppellant knocked on the door of
> the home of Dorielsa Marrero.
>
> Marrero was sleeping in her bedroom at the time, but her then
> 13-year-old son, Joshua Cruz, his uncle, Norverto Matos, and
> their neighbor, Angel, were watching television. Cruz answered

---

[*] Retired Senior Judge Assigned to the Superior Court.

the door, and [A]ppellant asked him whether he had lost his cell phone. Cruz responded that a friend of his, who lived up the block, had lost a cell phone. Appellant then asked Cruz if his father was home. Cruz informed [A]ppellant that he was not, but apparently believing that [A]ppellant was a friend of his father's, Cruz went outside onto the porch. Appellant then called to two unidentified men, pulled a handgun from his waistband, pointed it at Cruz's forehead, and forced his way into the house.

Once inside the house, [A]ppellant and the two unidentified men told Cruz, Matos, and Angel to get on the floor, and proceeded to tie up Matos and Angel with duct tape and cover them with a blanket. Appellant then went upstairs, woke up Marrero, and demanded money from her. After replying that she had no money, [A]ppellant struck Marrero's neck and forced her downstairs where one of the unidentified men tied her with duct tape and covered her with a blanket. Appellant again demanded money; but after Cruz said that they had none, [A]ppellant responded by saying "all right, you are going to die."

One of the unidentified men then dragged Cruz upstairs, filled the bathtub with water, and forced Cruz to get on his knees in the bathtub. The man forced Cruz's head underwater twice to the point of Cruz nearly blacking out. Downstairs, the second unidentified man beat Marrero [as she was] screaming and praying for her son's safety. Cruz and Marrero were then brought downstairs, into the basement, where money was again demanded. At this point, the burglar alarm suddenly went off. Appellant and the two unidentified men fled. Cruz ran out the back door and flagged down Maria Alvarez, a Philadelphia Police Officer who was responding to the burglar alarm. Alvarez entered the house, found it in disarray, and took descriptions of [A]ppellant and the two unidentified men from Cruz and Marrero.

On August 1, 2008, Philadelphia Police Detective Larry Aitken showed a photo array, which included a photo of [A]ppellant and seven similar-looking men, to Cruz and Marrero separately. Both Cruz and Marrero identified [A]ppellant as one of the men involved in the burglary.

***Commonwealth v. Brooks***, No. 1513 EDA 2010, unpublished

memorandum at 1-3 (Pa. Super. filed December 2, 2011) (citations

omitted).

Appellant was arrested and charged with Robbery, Attempted Murder, Aggravated Assault, and more than thirty additional related charges. Appellant elected to proceed by way of a jury trial, where he was represented by Lloyd Long, Esquire. On September 17, 2009, the jury found Appellant guilty of the following offenses: Robbery, Aggravated Assault, Burglary, Criminal Conspiracy, Unlawful Restraint, False Imprisonment, Possession of a Firearm by a Prohibited Person, Carrying a Firearm Without a License, Carrying a Firearm on a Public Street in Philadelphia, and Possessing an Instrument of Crime.[1] On January 27, 2010, the trial court imposed an aggregate sentence of 40 to 80 years of incarceration.

Appellant filed a timely Post-Sentence Motion, in which he averred, *inter alia*, that the verdicts were against the weight of the evidence. Appellant also requested that the trial court permit Attorney Long to withdraw from the case and appoint new counsel on Appellant's behalf. On February 23, 2010, the trial court granted Appellant's request for new counsel, and on May 21, 2010, the trial court denied the remainder of Appellant's Post-Sentence Motion.

Appellant, now represented by John P. Cotter, Esquire, filed a timely Notice of Appeal to this Court. Although Appellant included his challenge to the weight of the evidence in his Pa.R.A.P. 1925(b) Statement, he did not

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(i), 2702(a)(1), 3502(a), 903(a)(1), 2902(a), 2903(b), 6105(a), 6106(a)(1), 6108, and 907(a), respectively.

raise the issue in his Brief to this Court. On December 2, 2011, this Court affirmed Appellant's Judgment of Sentence. **Brooks, supra**. Appellant filed a *pro se* petition for allowance of appeal in the Supreme Court of Pennsylvania, which that court denied on May 31, 2012.

On July 10, 2012, Appellant filed a timely *pro se* PCRA Petition. The PCRA Court appointed Peter A. Levin, Esquire, as PCRA counsel. Attorney Levin filed an amended PCRA Petition, averring that: (i) trial counsel was ineffective for failing to advise Appellant of a plea offer; (ii) trial counsel was ineffective for failing to "prepare [Appellant's] case for trial, to present a defense, to interview witnesses and to communicate with [Appellant]"; and (iii) appellate counsel was ineffective for failing to pursue Appellant's challenge to the weight of the evidence. Amended PCRA Petition, filed 10/6/14, at 10.

The PCRA court held an evidentiary hearing, limited only to Appellant's claim that trial counsel failed to convey a plea offer.[2] On January 7, 2016, the PCRA court entered an Order dismissing Appellant's PCRA Petition.

Appellant timely appealed, and all parties complied with Pa.R.A.P. 1925. On appeal, Appellant raises two issues.

> 1. Whether the [PCRA] court erred in not granting relief on the PCRA [P]etition alleging counsel was ineffective [for failing to advise Appellant of a plea offer].

---

[2] As discussed **infra**, the PCRA court determined that there was no merit to Appellant's other claims.

2. Whether the court erred in denying [] Appellant's PCRA [P]etition without an evidentiary hearing on the remaining issues raised in the [A]mended PCRA [P]etition regarding trial counsel's ineffectiveness.

Appellant's Brief at 9.

When reviewing the denial of PCRA Petition, "we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). We grant great deference to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). Moreover, "[w]here a PCRA court's credibility determinations are supported by the record, they are binding on the reviewing court." *Commonwealth v. White*, 734 A.2d 374, 381 (Pa. 1999).

All three of Appellant's issues contend that trial and appellate counsel provided ineffective assistance to Appellant. In analyzing claims of ineffective assistance of counsel, we presume that counsel was effective unless the PCRA petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). In order to succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate (1) that the

underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). "[Where] the underlying claim lacks arguable merit, counsel cannot be deemed ineffective for failing to raise it." *Commonwealth v. Koehler*, 36 A.3d 121, 140 (Pa. 2012). Appellant bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) (citation omitted). With this standard in mind, we address each of Appellant's claims.

## Plea Offer

In his first issue, Appellant avers that the PCRA Court erred in denying Appellant's claim that trial counsel was ineffective for failing to convey a plea offer. The requirement that counsel be effective extends to the plea bargaining process. Accordingly, trial counsel has an affirmative duty to communicate all formal plea offers to his or her client. *See Missouri v. Frye*, 566 U.S. 133 (2012). At a PCRA hearing, the petitioner has the burden of establishing by a preponderance of the evidence that he is eligible for relief on his claim that trial counsel failed to convey a plea offer. 42 Pa.C.S. § 9543(a). In the instant case, Appellant failed to do so.

At the PCRA hearing, Appellant and his trial counsel gave conflicting statements regarding whether the plea offer was conveyed, and the PCRA

court found that trial counsel's testimony was credible and Appellant's testimony was not credible. The PCRA court summarized the evidence adduced at Appellant's PCRA hearing and its findings therefrom as follows:

> [T]he Commonwealth called [Appellant's] trial counsel, Lloyd Long, Esquire, to testify. Mr. Long credibly testified at the hearing that he had at least two conversations with [Appellant], prior to trial, in which they discussed the Commonwealth offer of 15 to 30 years [of] incarceration. Mr. Long further testified that [Appellant] offered two reasons for declining the plea offer: first, as [Appellant] was on parole at the time of the alleged offenses, [Appellant] was concerned that taking the offer would result in significant back time; and second, both [Appellant] and trial counsel believed that after the [trial court] denied the Commonwealth's request to admit evidence of [Appellant's] prior criminal conduct, [Appellant] had a triable case that was premised largely on eyewitness testimony. Mr. Long also credibly testified that he had a clear memory of discussing the Commonwealth's plea offer with [Appellant] prior to trial. Based on Mr. Long's testimony, the [PCRA court] found that Mr. Long had communicated the Commonwealth offer to [Appellant], and that [Appellant's] contention to the contrary was not worthy of belief.

Trial Court Opinion, filed 3/18/16, at 7.

On appeal, Appellant avers that the PCRA court "should have found Appellant's testimony worthy of belief and found that no plea offer was conveyed to Appellant." Appellant's Brief at 18. It is not this Court's role to do so. As there is support for the PCRA court's finding in the record, we are bound by the PCRA court's credibility determinations. *White, supra* at 381. Appellant is, therefore, not entitled to relief on this claim.

**<u>Claims Dismissed Without a Hearing</u>**

In his second issue, Appellant avers that the PCRA court erred in dismissing his remaining two claims without an evidentiary hearing. A PCRA petitioner is not automatically entitled to an evidentiary hearing. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008). "[I]f the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Id.*** (citation omitted). When the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1240 (Pa. Super. 2004) (citation omitted).

*Failure to Prepare for Trial and Present a Defense*

Appellant avers that the PCRA court erred in denying Appellant an evidentiary hearing to develop his claim that "trial counsel was ineffective for failing to present a defense, to interview witnesses, and to communicate with Appellant." Appellant's Brief at 20. In its Pa.R.A.P. 1925(a) Opinion, the PCRA court found that Appellant's Amended PCRA Petition failed to adequately develop these claims. Trial Court Opinion, at 4-6. We agree.

Boilerplate allegations and bald assertions cannot satisfy a petitioner's burden to prove that counsel was ineffective. ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1153, 1183 (Pa. 2011). To be entitled to relief, a PCRA petitioner "must set forth and individually discuss substantively each prong" of the test for ineffective assistance of counsel. ***Commonwealth v. Steele***, 961 A.2d 786, 797 (Pa. 2008) (finding wavier where "Appellant only addresse[d] the first prong, arguing that the underlying claim has arguable merit, followed by a bald assertion of the lack of a reasonable basis and the fact of prejudice."). "[W]here [a petitioner] has failed to set forth all three prongs of the ineffectiveness test and meaningfully discuss them, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." ***Id.***

In Appellant's Amended PCRA Petition, Attorney Levin raised a dozen allegations of ineffectiveness under the umbrella of a single claim that trial counsel failed to adequately advocate on Appellant's behalf. Attorney Levin summarily laid out those allegations as follows:

> Petitioner asserts that his counsel [(i)] failed to object that Petitioner was never re arrested after the charges had been withdrawn initially. [(ii)] He was never informed of the charges against him by his new attorney and [(iii)] was never told by his attorney why the charges had had [*sic*] been withdrawn. Petitioner contends that his attorney [(iv)] failed to object to the prosecutor misrepresenting facts in order to get a continuance of the preliminary hearings.
>
> Petitioner asserts that his counsel failed to investigate his case and consult with him. He claims that his attorney [(v)] failed to mount a defense, [(vi)] never investigated the crime scene,

[(vii)] never took pictures of the crime scene, [(viii)] never tried to locate witnesses near the crime scene who could have exculpated the Petitioner, and [(ix)] never hired an investigator. Petitioner asserts that his attorney [(x)] should have also consulted with a DNA expert that would have shown fingerprints of someone else at the crime scene.

Petitioner contends that his attorney was ineffective for [(xi)] stipulating to Petitioner's record and [(xii)] to allowing the prosecutor to incorporate the evidence presented at trial at the #6105 proceeding following the verdict.

Amended PCRA Petition, filed 10/6/14, at 13.

Despite the numerous allegations of ineffectiveness raised, the entire argument section in which Attorney Levin purports to develop them consists of a scant five paragraphs in which Attorney Levin summarily concludes that Appellant is entitled to relief, and in which Attorney Levin seemingly raises two additional clams. The entirety of his argument is as follows:

It is axiomatic that counsel's function is to assist a defendant and that he has a duty to advocate and keep defendant informed of important developments concerning the prosecution of the case.

Petitioner's claim is of arguable merit if the omissions of trial counsel constitute highly questionable legal judgment in conducting the case.. [*sic*] **See** [***Commonwealth v. Davis***, 541 A.2d 315 (Pa. 1988)] "If counsel's failure . . . was the result of sloth or lack of awareness of the available alternatives, then his assistance was ineffective." ***Commonwealth v. Abney***, [350 A.2d 407, 410 (Pa. 1976)]. Moreover, the Sixth Amendment states, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . and to be informed of the nature and cause of the accusations; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense." U.S. CONST. amend. VI[.]

> Under the first prong of the [**Commonwealth v. Paolello**, 665 A.2d 439 (Pa. 1995)] test, trial counsel's failure to conduct a thorough pretrial investigation and to communicate is of arguable merit as is counsel's failure to [(xiii)] object to the conspiracy charge and [(xiv)] the sentence merger.
>
> Applying the second prong of the **Paolello** test, there is no reasonable basis to justify trial counsel's failure to perform as an effective advocate.
>
> With regard to the third prong of the **Paolello** test, as a result of trial counsel's ineffectiveness, Petitioner suffered great prejudice. Although we cannot predict with certainty whether the outcome would have been different, Petitioner was prejudiced by the failure of counsel to be an effective advocate.

Amended PCRA Petition at 13-14.

In his Brief to this Court, Attorney Levin simply copied and pasted the same anemic argument that he presented to the PCRA court. **See** Appellant's Brief at 20-22. These boilerplate averments fail to develop or address any prong of the test for ineffective assistance of counsel. In sum and substance, counsel presents a confusing jumble of undeveloped complaints, followed by the barest conclusion that the three prongs are satisfied. This lack of development renders the claims waived.

*Failure to Litigate Weight Claim*

Finally, Appellant avers that appellate counsel was ineffective for failing to pursue a challenge to the weight and sufficiency of the evidence.[3] Appellant's Brief at 22-23. We are again constrained to find that Appellant

---

[3] Although framed as a weight claim, Appellant avers that "certain of the charges were not made out." Amended PCRA Petition at 15.

- 11 -

waived this claim by failing to develop it in his PCRA Petition, Amended PCRA Petition, or Brief to this Court.

In Appellant's Amended PCRA Petition, the Appellant's argument was as follows:

> Petitioner argues that his appeal attorney did not present the Pennsylvania Superior Court with the issue of the verdict being against the weight of the evidence and being contrary to law. Trial counsel had preserved this issue by filing post sentence motions that the verdict was against the weight of evidence [*sic*]. Counsel argues in his closing to the Court why there was a reasonable doubt regarding some of the charges and why certain of the chargers were not made out. Yet appeal counsel did not argue these points on appeal even though the issues were raised in the 1925 (b) Statement.
>
> These issues should have been appealed. Appellate counsel's failure to raise these issues on appeal is ineffective assistance of counsel.
>
> Trial counsel obviously thought these issues had merit which is why he filed a post verdict motion. Secondly, there was no "reasonable basis" for appellate counsel not to raise these issues. Finally, the Petitioner suffered actual prejudice as a result of appellate counsel's failure to raise these issues. As a result of appellate counsel's failure, the issues could not be argued on appeal.

Amended PCRA Petition at 15.

Once again, Appellant fell far short of his burden of developing this claim for the PCRA court's review. Appellant was convicted of ten separate offenses. Appellant fails to identify which elements of which offenses he believes the Commonwealth failed to prove. Although he avers that the verdict was "against the weight of the evidence and . . . contrary to law[,]" he fails to discuss any of the evidence presented or identify which laws the

verdict(s) ran contrary to.  ***Id.***  We, therefore, conclude that Appellant has waived this claim for lack of development.

Having concluded that Appellant is not entitled to relief on his claims, we affirm the PCRA court's Order dismissing his PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2017